## P. E. Schow & Brothers v. John McCloskey.

No. 1859.  Decided December 2, 1908.

**1.—Charge.**

Requested instructions are properly refused when the point involved is covered by those given.  (Pp. 130, 131.)

**2.—Master and Servant—Risks Assumed.**

A requested instruction on the subject of assumed risks in case of a servant having his hand caught in machinery which he was operating was properly refused when it relieved from liability in case the risk to which it referred was assumed, while the case involved other grounds of liability also.  (P. 131.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Bosque County.

McCloskey sued Schow & Bros. and recovered judgment. Defendants appealed and obtained writ of error on its affirmance.

*Baker & Thomas* and *Jas. M. Robertson,* for plaintiffs in error.— It was error to refuse to submit the special charge requested by defendants in error on the issue of assumed risk, as they had the right to have the law affirmatively applied to the facts, which the court nowhere did on the issue of assumed risk.  St. Louis S. W. Ry. Co. v. Hall, 98 Texas, 480; St. Louis S. W. Ry. Co. v. Brisco, 100 S. W., 990; Missouri, K. & T. Ry. Co. v. McGlamory, 89 Texas, 638-9.

*Cureton & Cureton* and *E. B. Robertson,* for defendant in error.— The court submitted to the jury the question of defendants' negligence, plaintiff's contributory negligence, and assumed risk, and the jury found for the plaintiff.  Galveston, H. & S. A. Ry. Co. v. Hitzfelder, 24 Texas Civ. App., 318; Howard Oil Co. v. Farmer, 56 Texas, 301; Hillsboro Oil Co. v. White, 54 S. W., 432; Greenville Oil Co. v. Harkey, 20 Texas Civ. App., 225; Gulf, C. & S. F. Ry. Co. v. Duvall, 12 Texas Civ. App., 348; 1 Labatt on Master and Servant, sec. 2.

A special charge which calls the jury's attention to one isolated fact and which does not embrace the whole issues on that subject, and which ignores the other issues, should not be given.  St. Louis S. W. Ry. Co. v. Schuler, 102 S. W., 783; Goodbar v. Bank, 78 Texas, 472; Cotton, etc., Co. v. Jones, 60 S. W., 589.

Act complained of must be the cause of the injury, and special charge not requiring this is properly refused.  Gulf, C. & S. F. Ry. Co. v. Carter, 71 S. W., 74-5.

Mr. Chief Justice Gaines delivered the opinion of the court.

This was an action for damages for personal injuries alleged to have been received by the defendant in error by reason of the negligence of the plaintiffs in error.  Plaintiffs were large mill owners in the town of Clifton, engaged, among other things, in crushing corn cobs into meal.  The apparatus for this purpose was situated in a

large building four stories in height and seventy-five feet wide by one hundred feet in length. The machine which the defendant in error was working was on the second story of the building, and he was injured in attempting to remove the shucks from the machine by having his hand drawn between the coupler of the roller and having his right hand crushed so that it had to be amputated above the wrist. He had been employed about two months by the plaintiffs in error, but it was not his business, as a rule, to run the machine by which he was injured. The machine consisted of two rollers operating very near each other, one revolving at a speed of about 450 revolutions to the minute and the other, when properly adjusted, at a speed of about 150 revolutions to the minute. Each of said rollers when properly in operation turned toward the other. They were both run by bands, but when the band of the lower roller became loose so as not to perform its office, that roller ran about the same speed as the other. When the rollers were running at their properly designated speed they would cut up the cobs and shucks and grind them up so that there was no trouble, but if they ran at the same speed the shucks would accumulate in there and it would become necessary to remove them. The defendant in error testified that he had never run the machine except for about half an hour on three or four occasions, and on the day on which the accident happened he was called by the foreman to take his place and run the machine while he went to dinner. As the foreman was leaving for dinner the plaintiff discovered that the belt on the lower roller was broken and called to the foreman and notified him of it. The foreman not coming immediately to his assistance he went ahead with the machine and saw some shucks collecting in it and thought it was necessary to take them out, as he had been instructed to do, and put his hand in for that purpose and it was drawn in between the rollers and crushed, as before stated. When he went to work for plaintiffs in error the foreman took him all over the house in which this machine was situated and instructed him as to the dangers of the work—the only danger he pointed out was a screw on a shaft. He told him when they came to the machine in question that it was a perfectly safe machine to operate and there was no danger in it; that he was advised of no danger, neither did he apprehend any. A careful reading of the statement of facts indicates that there is no conflict in the evidence upon these matters. The place where the injury was inflicted was dark, especially if the day was at all cloudy, and the plaintiff so pleaded in his petition. He also testified: "During the different times I attended the rolls I always found it dark. Yes, I knew that it was dark. I should think that the darkness had something to do with my getting caught." The case having been submitted to the jury they found a verdict in favor of the plaintiff for $5,100, which was affirmed by the Court of Civil Appeals.

When we granted the writ of error in this case we were under the impression that there was error pointed out in the fifth and sixth specifications in the application for the writ. These specifications complain respectively of the refusal of the court to grant a special instruction in reference to the darkness of the building and also in

regard to his knowledge that the belt was broken, and sought to deny to plaintiff a right of recovery in the event that he knew of the danger of either defect and assumed the risk resulting from it.

The charge in the fifth assignment of error, the refusal of which is complained of by the defendants, reads as follows: "If you believe from the undisputed evidence that the room in which the plaintiff McClosky was at work was dark, as you may find from the evidence, and you believe that the injuries received by him were the direct result of handling the shucks in question in said dark room, and that a person of ordinary prudence of the experience and discretion of the plaintiff would not have so handled said shucks in said dark room, as you may find from the evidence, and that the plaintiff knew, or must necessarily have known, of the danger, if any, of handling said shucks in said dark room, as you may find it, you are instructed that the plaintiff assumed the risk of injury while working in a dark room, and you will find for the defendants."

We incline to think that the defendants were entitled to have the issue of the risk arising from the darkness of the room submitted to the jury, but we think it was submitted in more than one paragraph of the court's charge, and a further submission of the issue was unnecessary. A defendant is never entitled to have the court argue his case for him, and when the issue is once distinctly submitted upon a question it is all he has a right to demand in regard thereto. Besides, we think that the charge refused was calculated to mislead the jury and to make the case depend wholly upon the question of the darkness of the room in which the plaintiff was working when he was injured.

The charge in the sixth assignment of error, the refusal of which is complained of by the defendants, is as follows: "If you believe from the evidence in this case that the plaintiff knew that the belt that operated one of the rolls in question had slipped off or become broken, and you believe that the plaintiff John McCloskey continued to pull said shucks out after he discovered the condition of said belt, and you believe that a person of ordinary prudence, of the plaintiff's discretion, must necessarily have known of the danger, if any, incident thereto, and you believe that a person of ordinary prudence under the same or similar circumstances would not have done as did John McCloskey in this, and it was the proximate cause of his injury, you will find for the defendants."

We think the same remarks are applicable to this charge as to the foregoing. The jury were distinctly told, if the plaintiff was injured by the breaking of the belt and he didn't know of the danger resulting from such accident, that he could recover. We find no other error pointed out in the application for the writ of error, therefore, the judgments of the District Court and Court of Civil Appeals are both affirmed.

*Affirmed.*