**T. W. DAVIDSON et ux., et al., Appellants,**

v.

**Lester SUBER, d/b/a Suber Realty Company, Appellee.**

No. 12575.

Court of Civil Appeals of Texas, Austin.

June 29, 1977.

Rehearing Denied July 20, 1977.

Roy Q. Minton, John L. Foster, Minton, Burton & Fitzgerald, Inc., Austin, for appellants.

John H. Akin, Pearce, Smith & Akin, Austin, for appellee.

SHANNON, Justice.

This appeal concerns the right *vel non* of Lester Suber, a real estate broker, to recover a commission.

Appellee, Suber, sued appellants, T. W. Davidson and wife, Jo Davidson, in the district court of Travis County for $2,750 as a commission and for attorney's fees. After trial to the court, judgment was entered for Suber for the commission and for attorney's fees.

Suber pleaded that by his efforts he obtained a specifically enforceable contract for the benefit of appellants. By the terms of the contract Gretchen Mickler was to purchase the assets of appellants' business, known as "Donna Bella Salon," a beauty shop located in Austin. The contract provided that appellants were to pay Suber $2,750 as an agent's commission. Suber averred that he had obtained the contract of sale pursuant to a listing agreement entered into by appellants.

On the date of the closing, Mickler refused, for her own reasons, to perform under the contract, and appellants chose not to require performance. The failure to close the sale was not due to the fault of appellants.

With respect to the matter of an agent's commission, the contract provided as follows: "Seller [appellants] agrees to pay the undersigned agent [Suber] a commission . . . in cash for negotiating this sale."

Suber's position is that because the contract of sale was valid and specifically enforceable, his right to the agent's commission accrued when he obtained the contract for appellants, and that it is immaterial, with respect to his right to the commission, that the sale was not consummated.

■ We have concluded that Suber's position is correct. The broker has effected a sale and is entitled to a commission if the vendor may enforce specific performance of the contract. *Miss & Raley v. Wren,* 102 Tex. 567, 113 S.W. 739 (1908); *Stevens v. Karr,* 119 Tex. 479, 33 S.W.2d 725 (1930), *Kost v. Lancaster,* 414 S.W.2d 514 (Tex.Civ. App.1967, writ ref'd n. r. e.).

Appellants assert by point of error that the district court erred in entering judg-

ment for Suber since the court found ". . . as fact the plaintiff [Suber] abandoned his rights under the real estate listing and escrow sales contracts." Appellants' point of error refers to finding of fact "F" which reads as follows:

"F. On the day after the proposed closing of the sale, the Plaintiff called the Defendant, T. W. Davidson, on the telephone and said, 'It don't [*sic*] look like I can sell your shop,' and 'I just don't feel like I can work on it anymore for you.' At the time he made such statements, he intended to terminate the listing contract and the escrow sales contract. The defendants Davidson thereafter considered the escrow sales contract to be of no further effect."

The court did not conclude that Suber abandoned his rights under the contract, but instead the court concluded in conclusion of law "E" that when Suber made the statements contained in finding "F," ". . . he did *not* waive or abandon his claim to a commission under the listing agreement or the sales contract." (Emphasis added). The point of error is overruled.

Appellants' point of error three complains of the entry of the judgment awarding attorney's fees to Suber. The district court found as a fact that appellants were not at fault for the failure of the sales contract to close. In that connection, the court found ". . . I would not award attorney's fees except for the fact that I feel compelled to do so by law." The court concluded in this respect, "Under Article 2226, V.A. C.S., it is not within the discretion of the Court to deny to the plaintiff the recovery of his reasonable attorney's fees. Plaintiff [Suber] is accordingly granted judgment for his reasonable attorney's fees in accordance with the finding hereinabove made."

Point of error three reads as follows: "The district court erred in awarding Appellee attorney's fees based upon its erroneous conclusion of law that it had no discretion to deny such relief and in light of its

finding of fact that it would deny such relief if it had the discretion to do so."[1]

Appellants argue that by the terms of Tex.Rev.Civ.Stat.Ann. art. 2226, the district court had the authority to determine whether or not to award attorney's fees. As a corollary to that proposition appellants insist that only because of a misapprehension of its authority did the court enter judgment for attorney's fees.

Article 2226 provides that the party ". . . *may,* if represented by an attorney, also recover . . . a reasonable amount as attorney's fees." (Emphasis added). Because art. 2226 is in derogation of the common law and is penal in nature, that article is strictly construed. *New Amsterdam Casualty Co. v. Texas Industries, Inc.,* 414 S.W.2d 914 (Tex.1967). In consideration of the rule of strict construction and in consideration of the less than imperative nature of the word "may," appellants urge that the district court was empowered to enter judgment for attorney's fees, but was not required to do so.

The parties have not shown us, nor have we found, a case in point. The courts seem to assume, however, that the broker is entitled to judgment for attorney's fees, upon proper proof, even though no sale resulted pursuant to the listing agreement. See *Reinke v. West,* 303 S.W.2d 419 (Tex.Civ.App.1957, no writ); *Shirley v. Albright,* 404 S.W.2d 152 (Tex. Civ.App.1966, writ ref'd n. r. e.); *Cooper v. Wildman,* 528 S.W.2d 80 (Tex.Civ.App.1975, no writ). Our view is that art. 2226 authorizes the party to seek reasonable attorney's fees in the proper case, and if the party makes his proof, then the court *shall* enter judgment for attorney's fees.

The judgment is affirmed.

---

1. Appellants do not claim that Suber's cause of action was one in contract and that Tex.Rev. Civ.Stat.Ann. art. 2226 was inapplicable. That issue is not before this Court, and accordingly, is not passed on.