John KAROL, d/b/a Karol
Wallcovering, Appellant,

v.

PRESIDIO ENTERPRISES,
INC., Appellees.

No. 13351.

Court of Appeals of Texas,
Austin.

Oct. 7, 1981.

Larry Parks, Haralson & Parks, Austin, for appellant.

John E. Athey, Austin, for appellees.

PHILLIPS, Chief Justice.

This appeal involves only the right to attorney's fees under Tex.Rev.Civ.Stat.Ann. art. 2226 (Supp. 1980).

Appellant brought suit to recover $2200 for services and labor incurred in wallpapering a movie theater. Appellee refused to tender $2200 to appellant because of allegedly poor quality work and demanded that the work be partially redone. When the repairs were not satisfactorily performed, appellee was forced to hire another company to repair the deficiencies. Appellee offered to pay appellant an amount not shown in the record but appellant refused this offer and instituted this lawsuit.

During the ensuing trial, the fair price of the repair work done by the other company was estimated at $1500. The court offset the original contract price of $2200 by $1500 and granted appellant a judgment of $700. The court, however, denied appellant any recovery of attorney's fees. The right to attorney's fees is the sole question in this appeal.

The pertinent part of art. 2226 as amended in 1979 is as follows:

"Any person, corporation, partnership . . . having a valid claim against a person or corporation for services rendered, labor done, material furnished . . . may present the same to such persons . . . and if, at the expiration of 30 days thereafter, payment for the just amount owing has not been tendered, the claimant may, if represented by an attorney, also recover, in addition to his claim and costs, a reasonable amount as attorney's fees." (emphasis added).

Appellant contends that, after he presented his claim, appellee had 30 days to tender the amount owing to avoid liability for attorney's fees under art. 2226. He cites *Enriquez v. K & D Development & Construction Inc.*, 567 S.W.2d 40 (Tex.Civ. App.—El Paso 1978, writ ref'd n.r.e.), *Reiger v. DeWylf*, 566 S.W.2d 47 (Tex.Civ.App. —Beaumont 1978, writ ref'd n.r.e.), and *Davidson v. Suber*, 553 S.W.2d 430 (Tex.Civ. App.—Austin 1977, no writ).

Appellee maintains that if the litigation is necessary to determine a legitimate dispute, a party should not be penalized by being required to pay attorney's fees. Appellee contends this is particularly true when a party has offered to settle the controversy and the court agrees with his posi-

tion that the appellant's work was defective and that appellee is, therefore, entitled to an offset.

If a plaintiff meets the requirements of art. 2226 he is entitled to attorney's fees. *Zemaco v. Navarro*, 580 S.W.2d 616 (Tex. Civ.App.—Tyler 1979, writ dism'd); *Davidson v. Suber, supra*. He may receive attorney's fees when he only recovers a portion of his claim. *Magids v. Dorman*, 430 S.W.2d 910 (Tex.Civ.App.—Houston [14th] 1968, writ ref'd n.r.e.).

Appellee cites several cases [1] for the proposition that the trial court has broad discretion in *setting* attorney's fees. These cases hold only that the trial court has discretion in fixing the *amount* of attorney's fees. They do not stand for the proposition that the trial court has discretion in denying attorney's fees entirely under article 2226.

Appellee contends the appellant failed to meet the requirements of art. 2226 by failing to make a *formal* presentment of the claim. Article 2226 does not require a *formal* presentment. The presentment need not be in any particular form. The assertion of a claim and a request for payment is adequate. The presentation may be verbal. *Harvey v. Pedigo Oil, Inc.*, 557 S.W.2d 167 (Tex.Civ.App.—Ft. Worth 1977, writ ref'd n.r.e.); *King Optical v. Automatic Data Processing of Dallas, Inc.*, 542 S.W.2d 213 (Tex.Civ.App.—Waco 1976, writ ref'd n.r.e.), *El Paso National Bank v. Leeper*, 538 S.W.2d 803 (Tex.Civ.App.—El Paso 1976, writ ref'd n.r.e.). Appellant testified that he had sent a bill and had asked to be paid several times over a period of several months. Michael Sweeney, the theater manager for appellee, acknowledged that appellee had received a bill. This was suffi-

cient to show that a presentment had been made. *Huff v. Fidelity Union Life Ins. Co.*, 158 Tex. 433, 312 S.W.2d 493 (1958).

The trial court in its findings of fact and conclusion of law held that appellant had waived the demands he had made by making subsequent demands up to the time of trial and by entering the negotiations with appellee. We find insufficient evidence in the record to support the conclusion that appellant relinquished any rights he had under his presentment.

Under Rule 434, Tex.Rev.Civ.P. we may reverse and remand a "clearly separable" portion of a cause if we can do so "without unfairness" to the parties. Because we find that no unfairness will be caused and because only the denial of attorney's fees is before us, we remand this cause to the trial court for determination of reasonable attorney's fees.

---

1. *Espinoza v. Victoria Bank & Trust Co.*, 572 S.W.2d 816 (Tex.Civ.App. 1978, writ ref'd n.r. e.), *Stegall v. Stegall*, 571 S.W.2d 564 (Tex.Civ. App.—Ft. Worth 1978, no writ), *Reintsma v. Greater Austin Apartment Maintenance*, 549 S.W.2d 434 (Tex.Civ.App.—Austin 1977, writ dism'd), *Magids v. Dorman*, 430 S.W.2d 910 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.). Appellee also cites several cases involving attorney's fees in divorce suits. Article 2226 is not the statutory basis for attorney's fees in divorce cases. Therefore those cases are not in point. Other cases have held that

the actual award of attorney's fees, as distinguished from simply the amount of that award, is discretionary with the trial court. See *Paddock Engineering Co. v. Rife*, 310 S.W.2d 594 (Tex.Civ.App.—Ft. Worth 1958, writ ref'd n.r. e.); *Johnny Morrow's Wrecking Crew, Inc. v. Slate*, 368 S.W.2d 32 (Tex.Civ.App.—Ft. Worth 1963, writ ref'd n.r.e.). We remain committed, however, in the position that the award of attorney's fees under article 2226 is mandatory on proof of the statutory elements. *Davidson v. Suber, supra*.