TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00033-CV






Gregory G. Hall and Scott Hall, d/b/a Statesman Construction, Appellants



v.



Robert Needham, d/b/a Needham Construction, Appellee






FROM THE COUNTY COURT AT LAW NO. 2 OF WILLIAMSON COUNTY


NO. 2864, HONORABLE ROBERT F. B. "SKIP" MORSE, JUDGE PRESIDING 







 This Court issued an opinion in this cause on October 9, 1996. We were not
informed until October 23, 1996, that appellee had filed bankruptcy on January 12, 1996. 
Because the filing of the bankruptcy proceeding invoked an automatic stay of these proceedings,
our original opinion was void. See Hood v. Amarillo Nat'l Bank, 815 S.W.2d 545, 547 (Tex.
1991); see also 11 U.S.C. § 362 (1988); Tex. R. App. P. 8. We are now informed that the
bankruptcy has been dismissed. The cause is hereby ordered reinstated and our opinion re-issued
this date.

 Appellants Gregory G. Hall and Scott Hall, d/b/a Statesman Construction,
challenge a trial court judgment rendered in favor of appellee Robert Needham, d/b/a Needham
Construction. The judgment awarded Needham $378 in actual damages, $1,260 for attorney's
fees and costs of court. See Tex. Civ. Prac. & Rem. Code § 38.001(8) (West 1997). The Halls
complain of the trial court's finding of actual damages and consequent award of attorney's fees. 
We will affirm the trial-court judgment.


THE CONTROVERSY


 This case arose out of an oral contract between Needham, a sheetrock contractor,
and the Halls, builders. Beyond the parties' agreement that Needham was to sheetrock, tape and
float the walls of a fourplex owned by the Halls, they dispute the specifics of the oral contract. 
 Needham claimed that the Halls agreed to pay him $5,700 for labor and that he was
to bill them for the actual cost of materials used, which was $3,436. Needham further claimed
that the parties later agreed that he would perform the following additional work: install firewalls
in the attic for $575; fur out walls in the bathrooms for $400; fur out walls in a stairwell for $200;
and clean up construction debris for $250. In total, Needham claimed that the Halls should pay
him $10,563.

 The Halls claimed that the initial $5,700 contract included both labor and materials
and that they later agreed to pay Needham $475 to build firewalls in the attic. In addition, the
Halls alleged that Needham took approximately $600 in building materials from the site for his
personal use. Finally, the Halls claimed that it cost them $1,600 to have another contractor tape
and float the fourth unit, which Hall did not complete.



ANALYSIS


 We note at the outset that neither party vigorously pursued this appeal. Needham
did not file an appellee's brief. The Halls, who bring six points of error, cite one statute and one
case as authority, and cite sparingly to the record. Accordingly, the Halls have waived error. 
Fredonia State Bank v. General Am. Life Ins. Co., 881 S.W.2d 279, 284 (Tex. 1994). 
Nevertheless, we have read the record and researched the points without their aid.

 The Halls first challenge the trial court's award of actual damages. By point of
error one, the Halls complain that there was either no evidence or insufficient evidence to support
the trial court's finding that Needham substantially completed the contract. We disagree.

 The legal and factual sufficiency of a trial court's findings are reviewed by the same
standards that apply to jury findings. Southern States Transp., Inc. v. State of Texas, 774 S.W.2d
639, 640 (Tex. 1989). In deciding a no-evidence point, we must consider only the evidence and
inferences tending to support the finding of the trier of fact and disregard all evidence and
inferences to the contrary. Alm v. Aluminum Co. of Am., 717 S.W.2d 588, 593 (Tex. 1986), cert.
denied, 498 U.S. 847 (1990); Garza v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965). See generally
William Powers, Jr. & Jack Ratliff, Another Look at "No Evidence" and "Insufficient Evidence",
69 Tex. L. Rev. 515 (1991); Michol O'Connor, Appealing Jury Findings, 12 Hous. L. Rev. 65
(1974). 

 When determining the factual sufficiency of the evidence to support a finding on
which the appellee had the burden of proof at trial, we must consider and weigh all the evidence
and should set aside the judgment only if the evidence is so weak as to be clearly wrong and
manifestly unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986); In re King's Estate, 244
S.W.2d 660, 661 (Tex. 1951); see also Pool v. Ford Motor Co., 715 S.W.2d 629 (Tex. 1986);
Federal Deposit Ins. Corp. v. Golden Imports, Inc., 859 S.W.2d 635, 640 (Tex. App.--Houston
[1st Dist.] 1993, no writ). See generally William Powers, Jr. & Jack Ratliff, Another Look at "No
Evidence" and "Insufficient Evidence," 69 Tex. L. Rev. 515 (1991). 

 Substantial compliance means that the contractor complied with the essential
requirements of the contract. Santos v. Guerra, 570 S.W.2d 437, 440 (Tex. Civ. App.--San
Antonio 1978, writ ref'd n.r.e.). Needham promised to sheetrock, tape, and float four units. He
sheetrocked, taped, and floated three units, and sheetrocked the fourth. He began taping and
floating the fourth unit but stopped work when he and the Halls disputed the contract amount and
the Halls refused to pay him money to which he believed he was entitled. Needham testified that
he completed ninety-nine percent of the work in a good and workmanlike manner; the Halls
testified that he had completed approximately seventy percent of the work without challenging the
quality of his work. The trial court could have concluded from the conflicting evidence that
Needham substantially completed the contract. Godde v. Wood, 509 S.W.2d 435, 441-42 (Tex.
Civ. App.--Corpus Christi 1974, writ ref'd n.r.e.). We overrule point of error one.

 By points of error two and three, the Halls complain that there is no evidence, or,
alternatively, insufficient evidence to support the trial court's findings that their costs to complete
the fourth unit did not exceed the value of the additional work Needham completed. We disagree. 
The Halls claim to have spent $1,600 to tape and float the fourth unit; however, they presented
checks totalling only $1,466. Needham claims to have installed firewalls above the second floor,
furred out walls in the bathrooms, furred out walls in a stairwell, and cleaned up construction
debris; he testified that the total value of the additional work was approximately $1,375. The trial
court was not obliged to accept the Halls' testimony. It could have concluded from the evidence
presented that the cost of completing the unit did not exceed the value of Needham's additional
work. We overrule points of error two and three.

 By point of error four, the Halls complain that the trial court erred in awarding
attorney's fees since Needham was not entitled to actual damages under the contract. (1) Because
we have overruled the Halls' points challenging the award of actual damages, we overrule point
of error four as well.

 By point of error five, the Halls claim that there is no evidence to support the trial
court's finding that Needham had notified them of his claims and his intent to recover attorney's
fees. We disagree. No particular form of notice is necessary. Karol v. Presidio Enter., Inc., 622
S.W.2d 638, 640 (Tex. App.--Austin 1981, no writ); King Optical v. Automatic Data Processing
of Dallas, Inc., 542 S.W.2d 213, 218 (Tex. Civ. App.--Waco 1976, writ ref'd n.r.e.). Scott Hall
testified that he knew well in excess of thirty days before trial that Needham claimed the Halls
owed him money under the contract and that he would seek attorney's fees if necessary. We
overrule point of error five. 

 By point of error six, the Halls complain that there is either no evidence or
insufficient evidence to support the sum of $1260 as necessary, reasonable and customary fees. 
Tex. Civ. Prac. & Rem. Code § 38.004 (West 1986). In a contract proceeding under section
38.004, the trial court may take judicial notice of the amount of attorney's fees whether or not
requested by a party to do so. Matelski v. Matelski, 840 S.W.2d 124, 130-31 (Tex. App.--Fort
Worth 1992, no writ); Holsworth v. Czeschin, 632 S.W.2d 643, 645 (Tex. App.--Corpus Christi
1982, no writ). We will presume that the trial court did so. Holsworth, 632 S.W.2d at 645. We
overrule point of error six.

 Finding no error, we affirm the trial-court judgment. The time period for filing
any motion for rehearing or petition for review begins this date. See Tex. R. App. P. 8.2.




 



 Marilyn Aboussie, Chief Justice


Before Chief Justice Aboussie, Justices Jones and Powers*


Affirmed


Filed: November 18, 1999


Do Not Publish
















* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).

1.   The Halls cite no authority for points four, five or six.


bstantially completed the contract. Godde v. Wood, 509 S.W.2d 435, 441-42 (Tex.
Civ. App.--Corpus Christi 1974, writ ref'd n.r.e.). We overrule point of error one.

 By points of error two and three, the Halls complain that there is no evidence, or,
alternatively, insufficient evidence to support the trial court's findings that their costs to complete
the fourth unit did not exceed the value of the additional work Needham completed. We disagree. 
The Halls claim to have spent $1,600 to tape and float the fourth unit; however, they presented
checks totalling only $1,466. Needham claims to have installed firewalls above the second floor,
furred out walls in the bathrooms, furred out walls in a stairwell, and cleaned up construction
debris; he testified that the total value of the additional work was approximately $1,375. The trial
court was not obliged to accept the Halls' testimony. It could have concluded from the evidence
presented that the cost of completing the unit did not exceed the value of Needham's additional
work. We overrule points of error two and three.

 By point of error four, the Halls complain that the trial court erred in awarding
attorney's fees since Needham was not entitled to actual damages under the contract. (1) Because
we have overruled the Halls' points challenging the award of actual damages, we overrule point
of error four as well.

 By point of error five, the Halls claim that there is no evidence to support the trial
court's finding that Needham had notified them of his claims and his intent to recover attorney's
fees. We disagree. No particular form of notice is necessary. Karol v. Presidio Enter., Inc., 622
S.W.2d 638, 640 (Tex. App.--Austin 1981, no writ); King Optical v. Automatic Data Processing
of Dallas, Inc., 542 S.W.2d 213, 218 (Tex. Civ. App.--Waco 1976, writ ref'd n.r.e.). Scott Hall
testified that he knew well in excess of thirty days before trial that Needham claimed the Halls
owed him money under the contract and that he would seek attorney's fees if necessary. We
overrule point of error five.