**K. F. WELBORN d/b/a Quality Awnings, Appellant,**

v.

**Joe Mack WOOLFOLK, Appellee.**

**No. 17914.**

Court of Civil Appeals of Texas, Fort Worth.

Dec. 15, 1977.

Patrick A. Myers, Jacksboro, for appellant.

Mitchell G. Davenport, Jacksboro, for appellee.

OPINION

SPURLOCK, Justice.

Plaintiff, Welborn, sued defendant, Woolfolk, for the reasonable value of services rendered, labor performed, and materials furnished (under a quantum meruit theory) and for the recovery of reasonable attorney's fees under art. 2226 *. It had been stipulated that a reasonable attorney's fee would be $250. The trial court found that defendant was indebted to plaintiff for $392; however, it denied the recovery of an attorney's fee. Plaintiff's sole complaint on appeal is that the trial court erred in denying him the recovery of an attorney's fee under art. 2226 *.

We affirm in part and reverse and render in part.

Since the appellee has not filed a brief, we accept appellant's version of the facts as being correct. Tex.R.Civ.P. 419.

_____
* Unless indicated otherwise, all statutory references are to Tex.Rev.Civ.Stat.Ann. art. 2226 (1971).

Defendant, Joe Mack Woolfolk and his wife, own a Dairy Queen Drive Inn located in Jacksboro, Texas. At Mr. Woolfolk's request, plaintiff orally agreed (1) to construct and install five "specialty lights", (2) furnish and install eight "slim line lights", and (3) install four additional "specialty lights" at defendant's Dairy Queen.

Plaintiff furnished all materials and performed all the labor in the construction of the specialty lights that were built. Plaintiff and one of his employees performed all the labor for the installation of the lights. After giving plaintiff a check for $392, defendant stopped payment on the check. After efforts to collect the $392 had failed, suit was filed. The suit was based upon a quantum meruit theory of recovery and additionally sought attorney's fees under art. 2226 *. Judgment was rendered for plaintiff on the $392, but the trial court denied any recovery for attorney's fees on the ground that the transaction was a "special contract".

By his sole point of error, plaintiff basically contends that the trial court erred in denying him a recovery of his attorney's fee under art. 2226 *, because his suit was based upon quantum meruit for services rendered, labor performed and materials furnished and was not based upon a special contract.

Before the 1977 amendment by the legislature, art. 2226 * (Supp.1976) provided:

"Any person, corporation, partnership, or other legal entity having a valid claim against a person or corporation for services rendered, labor done, material furnished, . . . or suits founded [upon a sworn account or accounts], may present the same to such persons or corporation or to any duly authorized agent thereof; and if, at the expiration of 30 days thereafter, the claim has not been paid or satisfied, and he should obtain judgment for any amount thereof as presented for payment to such persons or corporation, he may, if represented by an attorney, also recover, in addition to his claim and costs, a *reasonable amount as attorney's fees.* . . . "

The rule that has often been quoted in the cases is that the statute authorizing the recovery of attorney's fees must be strictly construed, because the statute is in derogation of the common law and is penal in nature. *New Amsterdam Casualty Co. v. Texas Industries, Inc.*, 414 S.W.2d 914 (Tex. 1967); *Davidson v. Suber*, 553 S.W.2d 430 (Tex.Civ.App.—Austin 1977, no writ at present). However, the statutory law of this state is not in accord with this often-quoted "rule of law".

Tex.Rev.Civ.Stat.Ann. art. 10, § 8 (1969) provides:

"The rule of the common law that statutes in derogation thereof shall be strictly construed *shall have no application* to the Revised Statutes; but the said statutes shall constitute the law of this State respecting the subjects to which they relate; and *the provisions* thereof *shall be liberally construed with a view to effect their objects* and to promote justice." (Italics added.)

Tex.Penal Code Ann. § 1.05(a) (1974) provides a similar rule:

"The rule that a penal statute is to be strictly construed *does not apply* to this code. The provisions of this code shall be construed according to the fair import of their terms, to promote justice and effect the objectives of the code." (Italics added.)

In apparent disregard of these two statutes, many of the cases concerning the recovery of attorney's fees have set up barriers in an attempt to strictly construe art. 2226 *. One such barrier to the recovery of attorney's fees is the doctrine of "special contract". As defined by the case law,

"[A] 'special contract' is one with peculiar provisions or stipulations not found in the ordinary contract relating to the same subject matter and such provisions are such as, if omitted from the ordinary contract, the law will never supply. . . . " *Eisenbeck v. Buttgen*, 450 S.W.2d 696, 702 (Tex.Civ.App.—Dallas 1970, no writ).

We are compelled to follow the rules of statutory construction as set forth by our legislature (cited above) in interpreting art. 2226 *; accordingly, we conclude that art.

2226 * is to be construed liberally. The facts of this case show that plaintiff's claim was for services rendered, labor done, and material furnished, as provided for in the statute. As such, the doctrine of "special contracts" should not have been used to defeat a recovery of attorney's fees in a situation that falls squarely within the perimeters of art. 2226 *.

While not important to this case, art. 2226 * was amended in 1977 to include recovery of attorney's fees for "suits founded on oral or written contracts." This amendment convinces us that the doctrine of "special contracts" is no longer a viable doctrine that can be utilized to defeat the recovery of attorney's fees under art. 2226 *.

We sustain appellant's point of error; we hold that it was error for the trial court to deny the recovery of attorney's fees.

We affirm the judgment of the trial court for the $392 awarded for services rendered, labor done and materials furnished; we reverse the trial court's denial of attorney's fees under art. 2226 * and render judgment for appellant (plaintiff below) for $250 as reasonable attorney's fees (the amount of which was stipulated), plus interest at 9% per annum from February 7, 1977, until paid. All costs are taxed against appellee.