Sidney L. KNOPF and Modern Store Fixtures Company, Appellants,

v.

STANDARD FIXTURES COMPANY, INC., Appellee.

No. 19837.

Court of Civil Appeals of Texas, Dallas.

April 17, 1979.

Rehearing Denied May 17, 1979.

Fred Kolodey, Kolodey & Thomas, Dallas, for appellants.

Richard D. Pullman, Pullman & Schendle, Dallas, Martin Barenblat, Law Offices of Loren Joseph Weinstein, Dallas, for appellee.

Before ROBERTSON, AKIN and STOREY, JJ.

ROBERTSON, Justice.

This case involves the construction of the following restrictive covenant:

Grantee herein on behalf of himself, his heirs and successors in title, to the property hereby conveyed, agree that *said property will not be sold or leased to any business in direct competition with Standard Fixtures Company, Inc.* Standard Fixtures Company, Inc. business is defined as sales or leasing of display racks, hatracks, mannequins and all types of fixtures for the sale and display of clothing and hats. This provision shall be a covenant running with the land and shall be binding upon grantee, its heirs, executors and assigns in title, to the land hereby conveyed, so long as grantor or its successors or assigns are engaged in the business defined above, on land presently owned by grantor and adjacent to that hereby conveyed. (Emphasis added).

Trial was to a jury. At the close of the evidence, however, the court found that only the issue of attorney's fees was controverted and this was the single special issue submitted to the jury. Based on the uncontroverted facts and the verdict of the jury, the court rendered judgment for appellee. Appellants complain that the court erred in enjoining their *use* of the property because the covenant does not restrict use, and also that the award of attorney's fees is improper or in the alternative, excessive. We hold that the injunctive relief was properly granted but find that the attorney's fees were excessive. Accordingly, we affirm in part and reverse and remand in part.

In 1965, Standard Fixtures Company, Inc., appellee, purchased an 81,000 square foot tract of property and established its place of business on the southern 29,000 square foot portion of this property. Appellee's business consists of selling or leasing display racks, hatracks, mannequins and all types of fixtures for the sale and display of clothing and hats. In 1966, Standard conveyed to R. L. Reed as grantee the remaining 52,000 square foot portion of this tract of land. This warranty deed was recorded and contained the restrictive covenant in controversy. Thereafter, appellant Sidney L. Knopf acquired the property from a subsequent grantee of Reed without actual knowledge of the restrictive covenant. In June 1977, Knopf began constructing a building on the premises and in October or November of that year, he erected a sign on the property stating that the site would be the "future location for Modern Store Fixtures, 939 South Lamar Street, Dallas, Texas." At the time Knopf acquired the property, and until the institution of this suit, Knopf intended to lease to Modern and Modern intended to use this property for the purpose of conducting a business similar to and in competition with that of Standard.

■ As in other written instruments, the end sought in the construction of restrictive covenants is the ascertainment of the intent of the parties as revealed by the language used in the covenant. *Couch v. Southern Methodist University*, 10 S.W.2d 973 (Tex.Com.App.1928, opinion adopted). Words and phrases used in a restrictive covenant will be accorded their ordinary and commonly accepted meaning. *Settegast v. Foley Bros. Dry Goods Co.*, 114 Tex. 452, 270 S.W. 1014 (1925). The rule that restrictive covenants must be strictly construed, favoring the grantee and against the grantor and resolving all doubts in favor of the free and unfettered use of the premises, applies only when the intent of the parties is not ascertainable from the terms of the covenant. *Atkins v. Fine*, 508 S.W.2d 131 (Tex.Civ.App.—Austin 1974, no writ). These are the standards by which we must evaluate this restrictive covenant.

■ Applying the above rules, the trial court correctly concluded that the words of the restrictive covenant prohibited the sale or lease of the property to a business in direct competition with appellee. We hold that the purpose of the restrictive covenant and the intent of the parties was to prohibit the use of the property by or for any such competitive business. Appellant argues that a use restriction cannot be found in the ordinary and popular sense of the words "sale" or "lease". This argument fails because these words must be read in conjunction with the entire covenant and also because such a narrow reading would defeat the obvious intent of the parties. If the position taken by appellants was correct, then for all practical purposes this covenant would be rendered meaningless. Under appellants' theory, they could buy the property as long as they were not currently engaged in business that directly competed with that of appellee. After buying the property, appellants could then, under their construction, open a business in direct competition with appellee. We do not believe that this is what the parties to this covenant intended. *See Karam v. H. E. Butt Grocery Co.*, 527 S.W.2d 481 (Tex.Civ.App.—San Antonio 1975, writ ref'd n. r. e.); *Sayles v. Owens*, 161 S.W.2d 542 (Tex.Civ.App.—Eastland 1942, writ ref'd w. o. m.).

■ The general rule is that before a party is entitled to injunctive relief, there must be an actual and substantial injury or an affirmative prospect thereof. There is an exception to this rule, however, allowing the enforcement of a covenant restricting the use of land by injunction where a distinct or substantial breach of that covenant is shown. *Protestant Episcopal Church Council of the Diocese of Texas v. McKinney*, 339 S.W.2d 400 (Tex.Civ.App.—Eastland 1960, writ ref'd). It is undisputed that appellant's intent was to lease the premises to a business that would be in direct competition with that of appellee. Appellant also placed a sign on the property stating that this was to be the future site of Modern Store Fixtures. We hold that these actions

are sufficient to demonstrate a substantial breach of the restrictive covenant and, therefore, that the injunctive relief was properly granted.

█ In response to a jury finding, the trial court allowed appellee to recover attorney's fees in the amount of $19,000 for the preparation and trial, and $1,800 for each of the appellate steps pursuant to Tex. Rev.Civ.Stat.Ann. art. 1293b (Vernon 1970).[1] Appellants argue that appellee is not entitled to recover attorneys fees pursuant to the statute because there was no breach of a restrictive covenant. Our above holding is to the contrary and since appellee was the prevailing party attorneys fees were properly granted. Alternatively, appellants argue that the fees allowed were excessive. In determining the reasonableness of attorney's fees the following factors should be considered:

1. The nature of the case; its difficulties, complexities and importance and the nature of the services required to be rendered by counsel; *Gulf Paving Co. v. Lofstedt*, 144 Tex. 17, 188 S.W.2d 155, 160 (1945); *McFadden v. Bresler Malls, Inc.*, 526 S.W.2d 258 (Tex.Civ.App.—Austin 1975), *modified* 548 S.W.2d 789 (Tex.Civ.App.—Austin 1977, no writ).

2. The amount of money involved, the client's interest at stake, and the amount of time devoted by the attorney in the benefit derived by the client; *Vaughn v. Gunter*, 458 S.W.2d 523, 528 (Tex.Civ.App.—Dallas 1970, writ ref'd n. r. e.); *McFadden v. Bresler Malls, Inc.*, 526 S.W.2d 258, 263 (Tex.Civ.App.—Austin 1975), *modified* 548 S.W.2d 789 (Tex.Civ.App.—Austin 1977, no writ).

3. The time necessarily spent by the attorney, the responsibility imposed upon counsel, and the skill and experience reasonably needed to perform the services; *Weatherly v. Longoria*, 292 S.W.2d 139, 141 (Tex.Civ.App.—San Antonio 1956, writ ref'd n. r. e.); *McFadden v. Bresler Malls, Inc.*, 526 S.W.2d 258, 264 (Tex.Civ.App.—Austin 1975), *modified* 548 S.W.2d 789 (Tex.Civ.App.—Austin 1977, no writ).

4. An appellate court has the authority in looking at the entire record to draw on the common knowledge of the justices of the court and their experience as lawyers and judges and to view the matter in the light of the testimony, the record and the amount in controversy. *Southland Life Ins. Co. v. Norton*, 5 S.W.2d 767, 769 (Tex. Com.App.1928, holding approved), *remittitur ordered* 9 S.W.2d 752, 753 (Tex.Civ.App.—Galveston 1928, no writ).

█ Applying these standards, we hold that the award of attorney's fees in this cause was excessive. The only issue before the trial court was the interpretation of a restrictive covenant, and the litigation itself was not complex. The trial in this case lasted two days and involved a hearing on a motion for temporary injunction, two depositions, and essentially three witnesses. It is our opinion and also our experience that $22,600 is not a reasonable attorney's fee for a lawsuit of this type. Consequently, if appellee files in this court within fourteen days from the date of this opinion a remittitur of $9,000 from the award of $19,000 for the preparation and trial of this case, $800 from the award of $1,800 for the preparation of this appeal, and an additional $800 from the award of $1,800 in the event that there is an appeal to the supreme court, we will reform the judgment and affirm. Otherwise, the judgment of the trial court with respect to attorney's fees will be reversed and remanded.

Affirmed in part; reversed and remanded in part.

---

1. Article 1293b states: "In an action based on a breach of a restrictive covenant pertaining to real property, the court shall allow a prevailing party who asserted the action for breach of a restrictive covenant, reasonable attorney's fees, in addition to his costs and claims."