Joe A. GOLDEN et al., Appellants,

v.

Bernard J. MURPHY et al., Appellees.

No. B2485.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Jan. 28, 1981.

Edward L. Noah, Houston, for appellants.

R. B. Stanton, Baskin, Fakes & Stanton, Pasadena, for appellees.

Before COULSON, MILLER and MURPHY, JJ.

MILLER, Justice.

This is an appeal from a judgment in appellants' favor in the amount of $1,000.00.

Appellants, in four points of error, allege the trial court erred in failing to award attorney's fees, costs of court, postjudgment interest and prejudgment interest. We modify and affirm.

Appellants filed suit under the Texas Deceptive Trade Practices Act and alternatively on a written contract, for the return of $1,000.00 in earnest money paid to appellees for the purchase of real property and the personal property located thereon. Trial to the court resulted in a judgment on the contract for return of the earnest money, but not for prejudgment interest, attorney's fees, costs of court, or postjudgment interest. The trial judge granted judgment in appellees' favor on the Deceptive Trade Practices cause of action alleged by appellants.

In point of error one, appellants assert the trial judge erred in refusing to award appellants a judgment for their attorney's fees. The trial judge, in his findings of fact, found the attorney's fees incurred by appellants in seeking enforcement of the terms of the earnest money contract to be reasonable and customary charges for such work in and about Harris County, Texas. The lower court, however, did not award attorney's fees to appellants because the earnest money contract did not provide for attorney's fees incurred in enforcement of its terms.

The basis for the denial of the attorney's fees in the trial court was erroneous. Tex. Rev.Civ.Stat.Ann. art. 2226 (Vernon Supp. 1980–1981), providing for the award of attorney's fees was amended in 1977 to include recovery of attorney's fees for suits founded on oral or written contracts, with no requirement that the contract sued upon have a provision providing for attorney's fees. This is contra to pre-1977 interpretations of article 2226, *Welborn v. Woolfolk*, 560 S.W.2d 189, 191 (Tex.Civ.App.—Fort Worth 1977, no writ), which were that if the contract sued on did not fall within the provisions of article 2226, then attorney's fees were not recoverable unless provided for in the contract. See *Barnes v. Bituminous Casualty Corp.*, 495 S.W.2d 5 (Tex.Civ.

App.—Amarillo 1973, writ ref'd n. r. e.). Since the appellants' cause of action arose after the 1977 amendment to article 2226 was in effect, the trial court erred in denying the attorney's fees for the reason that the contract did not provide for them.

Appellees allege the denial of attorney's fees should be upheld notwithstanding the trial judge based the denial on a wrong basis. Appellees, citing *City of Corpus Christi v. Davis*, 575 S.W.2d 46 (Tex.Civ. App.—Corpus Christi 1978, no writ), correctly state that the trial court's judgment should be affirmed if there is support otherwise for its judgment.

■ In determining the reasonableness of attorney's fees the courts have deemed the following factors to be important:

1. The nature of the case; its difficulties, complexities and importance, and the nature of the services required to be rendered by counsel; *Knopf v. Standard Fixtures Co.*, 581 S.W.2d 504 (Tex.Civ.App.—Dallas 1979, no writ); *McFadden v. Bresler Malls, Inc.*, 526 S.W.2d 258 (Tex.Civ.App.—Austin 1975), *modified*, 548 S.W.2d 789 (Tex.Civ.App.—Austin 1977, no writ).

2. The amount of money involved, the client's interest at stake, and the amount of time devoted by the attorney in the benefit derived by the client, *Knopf v. Standard Fixtures Co.*, 581 S.W.2d 504 (Tex.Civ.App.—Dallas 1979, no writ).

3. The time necessarily spent by the attorney, the responsibility imposed upon counsel, and the skill and experience reasonably needed to perform the services; *Knopf v. Standard Fixtures Co.*, 581 S.W.2d 504 (Tex.Civ. App.—Dallas 1979, no writ); *Weatherly v. Longoria*, 292 S.W.2d 139 (Tex. Civ.App.—San Antonio 1956, writ ref'd n. r. e.).

Additionally, an appellate court has the authority in looking at the entire record to draw on their common knowledge and experience and to view the matter in the light of the testimony, the record and the amount in controversy. *Knopf v. Standard Fixtures Co.*, 581 S.W.2d 504 (Tex.Civ.App.—Dallas 1979, no writ). *See Findlay v. Cave*, 611 S.W.2d 57 (Tex.1981).

■ Applying these standards, we hold the finding of the trial court that the attorney's fees incurred by appellants were reasonable is not so against the weight and preponderance of the evidence so as to be manifestly unjust. The judgment of the lower court disallowing appellants' attorney's fees is therefore modified and attorney's fees of $3,510.00 are awarded to appellants.

Appellants, in points of error two and three, assert the trial court erred in not awarding appellants postjudgment interest and costs in the suit below.

■ In its conclusions of law the trial judge stated the appellants were entitled to recover their costs. However, the judgment rendered did not provide for costs to be recovered. It is clear, and appellees agree, that appellants, being the prevailing parties, are entitled to their costs incurred in bringing the suit to collect the earnest money. Tex.R.Civ.P. 131. We hold therefore that as a matter of law appellants should have and recover all costs incurred in the prosecution of the suit, and the judgment is so modified.

■ As to postjudgment interest, Tex. Rev.Civ.Stat.Ann. art. 5069–1.05 (Vernon Supp.1980–1981), provides: "All judgments of the courts of this State shall bear interest at the rate of nine percent per annum from and after the date of judgment. . . ." The court's judgment, however, did not recite that appellants were entitled to postjudgment interest. The interest which an award bears is a creature of statute and although it may be specified by the terms of the judgment, it is authorized and recoverable under the statute even if the judgment makes no reference to its recovery. *Trinity Portland Cement Division, General Portland Cement Co. v. Coastal Industrial Water Authority*, 551 S.W.2d 76 (Tex.Civ. App.—Houston [1st Dist.] 1977, *rev'd on other grounds*, 563 S.W.2d 916 (Tex.1978).

Additionally, appellees agree that appellants should have been awarded postjudgment interest. As a matter of law appellants are entitled to postjudgment interest pursuant to article 5069–1.05 and the judgment below is hereby so modified.

In their fourth point of error appellants complain the trial court erred in refusing to award them prejudgment interest. Appellees argue the trial court correctly held prejudgment interest was not recoverable in that appellants did not specifically plead for it.

We hold that appellants were entitled to recovery of prejudgment interest pursuant to article 5069–1.03. A general prayer for relief will support an award of prejudgment interest under 5069–1.03 when a plaintiff sues on a written contract which ascertains a sum payable at a date certain prior to judgment. *Republic National Bank of Dallas v. Northwest National Bank of Fort Worth*, 578 S.W.2d 109 (Tex.1978). The earnest money contract on which appellants cause of action was brought meets these criteria and prejudgment interest should have been awarded by the trial court. *Stahl Petroleum Co. v. Phillips Petroleum Co.*, 550 S.W.2d 360 (Tex.Civ.App. —Amarillo 1977, *affirmed*, 569 S.W.2d 480 (Tex.1978). Because the judgment was rendered after 5069–1.03 was amended effective August 27, 1979, prejudgment interest will commence March 9, 1978, which is 30 days after notice was first received by appellees that appellants did not wish to go through with the purchase of the property and demanded the $1,000.00 earnest money be returned.

Judgment modified and affirmed.