Edmund A. SHIFFERS
(Schiffers), Appellant,

v.

ESTATE OF Orville Jesse WARD,
Deceased, Appellee.

No. 2–88–135–CV.

Court of Appeals of Texas,
Fort Worth.

Dec. 23, 1988.
Rehearing Denied Jan. 25, 1989.

M. Ward Bailey & Assoc., P.C., M. Ward Bailey, Fort Worth, for appellant.

Trickey & Trickey, Richard Trickey, Fort Worth, for appellee.

Before FENDER, C.J., and HILL and FARRIS, JJ.

## OPINION

FENDER, Chief Justice.

The Estate of Orville Jesse Ward, deceased, through the administratrix and widow, Juanita Faye Ward, sued Edmund A. Shiffers (Schiffers) (hereinafter Shiffers), for breach of a contract to sell certain land to the Wards. After a bench trial, the trial court found damages of $4,300 for Ward's Estate. No findings of fact or conclusions of law were requested and Shiffers appeals.

We modify the judgment on prejudgment interest but otherwise affirm.

In 1971 Orville Jesse Ward and his wife, Juanita, entered into an installment land sale contract with Edmund A. Shiffers to purchase land in Wise County, Texas. Originally, monthly payments were to be made at the Burkburnett Building in Fort Worth, Texas, but later Shiffers requested payment be made at a post office box in Arlington, Virginia. In 1977 Orville Ward died without a will. His wife Juanita was later appointed first temporary, and then permanent administrator of his estate. In 1978 Mrs. Ward received statutory notice from Shiffers that she was behind on her payments and was informed the land would be repossessed and the payment forfeited unless payment was made by December 9, 1978. *See* TEX.PROP.CODE ANN. secs. 5.061, 5.062 (Vernon 1984). Mrs. Ward

mailed payment on December 5, 1978, but it did not arrive in Virginia until December 13, 1978. Meanwhile, on December 11, 1978, Shiffers informed Mrs. Ward that he was repossessing the land. In 1982 Mrs. Ward, as administrator of Ward's Estate brought suit against Shiffers for breach of contract, asking for either damages or specific performance. In 1988 the judge signed the following judgment:

### JUDGMENT

On February 1, 1983, came on for hearing, Plaintiff's cause of action against Edmond A. Shiffers and both parties appeared in person and by their attorneys of record and announced ready for trial. No jury having been demanded, the cause preceeded [sic] to trial before the Court. The Court finds that Plaintiff is entitled to Judgment against Defendant.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Estate of Orville Jesse Ward, deceased, recover from Defendant, Edmond A. Shiffers, the damages in the amount of $4,300, together with all cost of Court incurred herein and interest on the damages in the amount of $4,300 at 6% from December 9, 1978, until February 1, 1983 together with interest from February 1, 1983 at 10%.

SIGNED this [12th] day of [April], 1988.

/s/ Robert M. Burnett
JUDGE PRESIDING

The record reflects no request for findings of fact or conclusions of law, or that any were filed. Shiffers raises five points of error on appeal.

In point of error number one, Shiffers alleges the court erred in rendering judgment in favor of Ward's Estate for the reasons that Mrs. Ward had not qualified as administrator of the estate at the time the suit was filed or tried. On February 10, 1981, the trial judge issued an order appointing Mrs. Ward as permanent administrator upon her taking an oath and giving a bond in the sum of $3,000. On August 16, 1982, Ward filed this suit in her capacity as administratrix of the Ward Estate.

On February 10, 1983, Ward filed both the bond and her oath with the probate clerk. On February 1, 1983, a hearing on evidence was held on the case. On April 12, 1984, Shiffers filed a "Verified Denial of Plaintiff's Capacity" challenging the ability of Ward to bring suit.

Under TEX.R.CIV.P. 93(2) (old rule 93(c)), a pleading setting forth that the plaintiff is not entitled to recover in the capacity in which she sues must be verified. It has been held that the proper way to challenge the lack of capacity of a potential administrator is with a verified plea in abatement. *Boothe v. Blanchette*, 208 S.W.2d 105, 109 (Tex.Civ.App.—Beaumont 1947, writ ref'd n.r.e.). While Shiffers did file such a plea, it was only after the hearing had been held on the merits of the case. We hold that by waiting until after the hearing on the merits of the case Shiffers waived any right to complain of Mrs. Ward's lack of capacity. *See Sunbelt Const. Corp. v. S & D Mechanical Contractors, Inc.*, 668 S.W.2d 415, 418 (Tex. App.—Corpus Christi 1983, writ ref'd n.r. e.); *Kriegel v. Scott*, 439 S.W.2d 445, 446 (Tex.Civ.App.—Houston [14th Dist.] 1969, writ ref'd n.r.e.) (plea untimely if not presented until after plaintiff had rested).

Even if Shiffers had timely filed his plea in abatement, it would not require the dismissal of the case. Instead, the case would be abated until such time as Mrs. Ward could prove that she qualified as administrator. In this instance, Mrs. Ward merely would have had to file the bond and oath with the court. We note that this had been done prior to Shiffers's filing of his verified plea. Thus, such plea was properly overruled as there was no reason to abate the case. Shiffer's first point of error is overruled.

In his second point of error, Shiffers alleges that the court erred in rendering judgment for Ward's Estate for the amounts paid on the contract in question because the amounts paid were forfeited under the terms of the contract for failure to make the delinquent payments by December 9, 1978.

At trial Ward introduced a letter from Shiffers directing all future payments to be made to a post office box in Arlington, Virginia, by check or money order. Previously, payments had been made at the Burkburnett Building in Fort Worth, Texas. It is the law in this state that when the creditor expressly directs that the money owed him be mailed to him, payment of such debt is made when a letter containing the agreed remittance for the proper amount, properly addressed, and with postage prepaid is deposited in the mail. *Laredo Hides Co. v. H & H Meat Products Co.*, 513 S.W.2d 210, 218 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n.r.e.). We find that directing payment to a post office box is the same as directing it to be mailed. Thus, payment was made when the letter was mailed on December 5, not when it arrived on December 13.

Shiffers argues that the language in sections 5.061 and 5.062 of the Property Code replaces any such agreement that the parties had to accept checks by mail. We disagree. The statute only addresses when notice must be given by Shiffers—not when payment must be received by Shiffers. In fact, the language of the notice states "UNLESS YOU MAKE THE PAYMENT BY [date]," not "UNLESS PAYMENT IS RECEIVED BY [date]." We hold that under these circumstances payment was made on December 5, 1978, when Ward deposited the check in the mail. Thus, there is no room for a finding that Mrs. Ward forfeited the land and payments by her failure to timely perform. Accordingly, Shiffers's second point of error is overruled.

In his third point of error, Shiffers claims the trial court was in error in granting judgment for Ward's Estate as Juanita Faye Ward did not qualify as administrator until after the two- and four-year statute of limitations had run on the contract claim. We note the applicable statute of limitations is four years under the residual provisions of TEX.CIV.PRAC. & REM.CODE ANN. sec. 16.051 (Vernon 1986). We find section 16.003 of the Civil Practices and Remedies Code to be inapplicable because this action is based on damages for contract breach, not trespass or personal injury. Section 16.004 is inapplicable since, though it was pleaded, specific performance was not granted. Since we find no other applicable statute of limitations, the action is governed by the four-year bar in section 16.051.

Shiffers repossessed the property on December 11, 1978. The record reflects that this suit was filed on August 16, 1982—within the four-year statute of limitations. Citation was issued and returned before the four-year bar. The fact that Mrs. Ward may have lacked the capacity to bring suit at such a time is irrelevant—such incapacity would be remedied by an abatement of the suit until she filed her bond and oath, *not* by dismissal of the suit. Shiffers's point of error number three is overruled.

In point number four Shiffers maintains that the court erred in rendering judgment in favor of Ward's Estate because the estate owned only half of the claim in question and the amounts paid for the purchase of the community property. The property in question was listed as community property in the inventory of estate filed by Mrs. Ward. Therefore, the argument goes, the claim for damages was a community claim and Mrs. Ward should have been a party in order to collect the full amount or else the award should be reduced by one half.

Appellant cites us no authority, and we are aware of none, that permits such a halfing of the award. It has been held in this state that another spouse need not be joined (though he may be) in order to properly adjudicate sole management community property of the spouse bringing suit. *Few v. Charter Oak Fire Insurance Co.*, 463 S.W.2d 424, 427 (Tex.1971). In this case, since the record does not reflect the source of the funds of the community claim on the contract we must presume the funds to be joint management community property. *See* TEX.FAM.CODE ANN. sec. 5.22(c) (Vernon 1975). We are not certain that the holding in *Few v. Charter Oak* applies to joint management community property.

However, we need not reach a decision on this matter as there is other authority authorizing the administrator to bring the suit without requiring Mrs. Ward's joinder.

Section 177(a) of the Probate Code reads:

**(a) When Community Administrator Has Qualified.** The qualified community administrator is entitled to administer the entire community estate, including the part which was by law under the management of the deceased spouse during the continuance of the marriage.

TEX.PROB.CODE ANN. sec. 177(a) (Vernon 1980). We find that this statute authorizes the community administrator to bring suit on behalf of the community estate without the necessity of joinder of the surviving spouse. Since the surviving spouse is represented by the community administrator (who can only be the surviving spouse under TEX.PROB.CODE ANN. sec. 161 (Vernon 1980)), a defendant in such a suit will not face the danger of multiple liability envisioned under TEX.R.CIV.P. 39. Thus, there is no need (though it may be done) to require the joinder of the surviving spouse in her individual capacity.

In order to qualify as a community administrator, the surviving spouse must file a written application stating:

(a) That the other spouse is dead, setting forth the time and place of such death; and

(b) The name and residence of each person to whom an interest in community property has passed by the will of the decedent or by intestacy; and

(c) That there is a community estate between the deceased spouse and the applicant, and the facts that authorize the applicant to be appointed as community administrator; and

(d) That, by virtue of facts set forth in the application, the court has venue over the estate of the deceased spouse; and....

TEX.PROB.CODE ANN. sec. 162 (Vernon 1980).

■ When no findings of fact or conclusions of law are filed, the judgment implies all findings of fact necessary to support it. *See In the Interest of W.E.R.*, 669 S.W.2d 716, 717 (Tex.1984) (per curiam). In our examination of the applications filed by Mrs. Ward, we find all of the necessary elements to meet the requirements of section 162 of the Probate Code. Thus, we find the evidence supports that the trial court could have made a finding that Mrs. Ward qualified as a community administrator. We hold that since she could have qualified as a community administrator, it was not necessary to join her individually under rule 39 as she represented the entire community estate. Shiffers's fourth point of error is overruled.

■ In his fifth and final point of error Shiffers alleges the trial court erred in awarding interest of 6% from December 9, 1978, to February 1, 1983, and at 10% from February 1, 1983, onward for the reason that there is no prayer for interest and no basis in law for allowing such interest.

TEX.REV.CIV.STAT.ANN. art. 5069-1.-03 (Vernon 1987) provides:

When no specified rate of interest is agreed upon by the parties, interest at the rate of six percent per annum shall be allowed on all accounts and contracts ascertaining the sum payable, commencing on the thirtieth (30th) day from and after the time when the sum is due and payable.

*Id.* Case law has interpreted article 5069-1.03 as allowing pre-judgment interest on a written contract when a sum certain payable can be determined at a date certain prior to judgment. *See Republic Nat'l Bank v. Northwest Nat'l Bank of Fort Worth*, 578 S.W.2d 109, 116–17 (Tex.1978). Such an award is even proper on the return of money already paid on a contract. *Golden v. Murphy*, 611 S.W.2d 914, 917 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ) (prejudgment interest awarded on earnest money purchase contract). Prejudgment interest is permitted even if only a general prayer for relief is included in the petition. *Golden*, 611 S.W.2d at 917.

■ We hold that there is sufficient evidence to support an implied finding that (1) the contract did not provide an interest rate for this circumstance; (2) the amount was for a sum certain; and (3) the amount was determinable on a date certain prior to

judgment. We therefore find prejudgment interest proper in this case since it is analogous to the *Golden* case. We further find that the failure of Ward's Estate to specifically plead for such interest is immaterial, as a general prayer for relief was included in the petition. However, we can find nothing in the record, or in the statutes, to support an interest rate of 10% from February 1, 1983, to the date of judgment (April 12, 1988). The statute permits only 6% interest. Further, such interest should not begin running until thirty days after the sum is due and payable. In this situation we interpret the statutory words "due and payable" to mean the date when Shiffers should have returned the payments to Mrs. Ward because of his repossession. We assume the trial court found the money should have been returned on December 9, 1978. The statute would not permit interest to start running until January 8, 1979. Accordingly, we modify the judgment of the trial court to conform to the statute. Interest shall accrue at a rate of 6% from January 8, 1979, until the date of judgment. Our modification does not affect any post-judgment interest Ward's Estate may be entitled to. Other than this modification, Shiffers's fifth point of error is overruled.

The judgment of the trial court is modified on prejudgment interest but otherwise affirmed.