**In the Interest of LEE CHILDREN.**

No. 10–99–051–CV.

Court of Appeals of Texas,
Waco.

April 18, 2001.

John B. Worley, Asst. Atty. Gen., Child Support Div., Rhonda A. Pressley, Asst. Atty. Gen., Chief, Appeals & Research Section, Austin, for Atty. Gen.

Robert C. Dunn, Corsicana, for appellee Danny J. Lee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

GRAY, Justice.

After Danny Lee had paid the entire face amount of a judgment for child support, the Attorney General sought to recover interest. The AG argues that by statute, all judgments for child support accrue interest, whether or not the judgment specifically provided for post-judgment interest at the time it was signed. The trial court did not grant the AG's request for post-judgment interest. We affirm the judgment of the trial court.

### BACKGROUND FACTS AND PROCEDURAL HISTORY

In 1980, Lee was divorced and ordered to pay child support. By 1987, he was $16,900 behind in his payments. This balance was reduced to judgment. The judgment did not require pre-judgment or post-judgment interest. The judgment ordered withholding by Lee's employer. No appeal was taken from this 1987 judgment.

According to the AG's record, the last regular child support payment was due May 15, 1994. However, because the total judgment of $16,900 had not been repaid, the employer continued to withhold wages pursuant to the 1987 judgment and withholding order. In 1998, the AG, acting in its capacity as the Title IV D agency for the State of Texas, sought to increase the amount being withheld from Lee's wages. Lee contested any further withholdings and argued that based on the AG's own pay history, he had actually paid more than he owed.

The parties agree that the dispute relates to whether Lee is liable for interest

on the judgment for past due child support. The parties have some disagreement about what evidence was introduced and who has the burden of proof. The AG relies on a summary of a payment history of Lee. Lee does not dispute that the history of his payments as reflected on the AG's summary is accurate.

In addition to the pay history, the summary also contains entries for the accrual of amounts of interest.[1] It is the accrual of interest, not the amount of the payments, that is in dispute. The AG's office argues that Lee never offered his own computation of interest due. As we understand Lee's argument, it is that the judgment did not require the payment of interest, thus post-judgment interest cannot be collected and accordingly there was no need for him to present his own computation for the accrual of interest.

According to the AG's schedule, in addition to the $16,900 due pursuant to the 1987 judgment, $34,000 of child support payments became due and owing, for a total child support to be paid of $50,900. The AG's schedule reflects that $51,308.84 had been paid by Lee. Lee has affirmatively waived any claim for a refund of an overpayment.

If Lee is liable for and owes more than $408.84 in interest, the judgment and subsequently accruing child support obligations have not been satisfied.

## POST–JUDGMENT INTEREST

Interest on judgments has been allowed by statute long before the 1987 judgment.

The rate for judgments was revised by Art. 5069–1.05 (codified at TEX.FIN.CODE ANN. § 304), which went into effect October 1, 1967, and amended Title 79, Art. 1.05 of the Revised Civil Statutes of Texas, 1925. Interest on child support obligations is now addressed in Texas Family Code Subchapter F § 157.261 *et seq.* The AG takes the position that because the statute specifies the interest rate and also provides that all judgments shall bear the statutory rate of post-judgment interest, the judgment need not specify that post-judgment interest is to be paid by the judgment debtor. We disagree.

In a case on remarkably similar facts, the Fort Worth Court of Appeals has determined that the trial court has no jurisdiction to order the payment of pre- or post-judgment interest, years after the entry of a judgment that did not order the payment of interest. *Moore v. Brown,* 993 S.W.2d 871 (Tex.App.—Fort Worth 1999, pet. denied). The court in *Moore* held as follows:

> Moore contends that the trial court erred by granting summary judgment because she was entitled to pre- and post-judgment interest on the December 6, 1991 installment judgment. The law in effect on the date that the trial court ordered Brown to pay $15,441 in child support arrearages allowed for prejudgment and post-judgment interest on child support arrearage judgments. *See* Act of June 16, 1991, 72nd Leg., R.S., ch. 467, 1991 Tex.Gen. Laws 1693 (amended 1993 & 1995) (current version at TEX. FAM.CODE ANN. § 157.264, 157.265 (Ver-

---

**1.** This court has attempted to recompute the monthly amount of interest accrued as reflected on the summary. In some months there are two different types of accrued interest being added to the balance the AG claims Lee owes. With the exception of the accrual for the first month, this court has been unsuccessful in being able to recompute an amount for the accrual of interest that matches that reflected as the accrual pursuant to the schedule. While the inability to recompute the interest is not dispositive of the issues raised in this appeal, it is nevertheless troubling to the court that from the record provided, we could not determine how the amounts allegedly due were calculated by the AG.

non 1996)); Act of May 17, 1983, 68th Leg., R.S., ch. 107, § 1, 1983 Tex. Gen. Laws 518, 518–19, *repealed by* Act of June 19, 1997, 75th Leg., R.S., ch. 1008, § 6, 1997 Tex. Gen. Laws 3601, 3602; *State v. Johnican*, 830 S.W.2d 215, 217 (Tex.App.—Houston [14th Dist.] 1992, no writ). However, the trial court did not order Brown to pay any interest, pre-or post-judgment. Even if Moore was entitled to pre- and post-judgment interest on the unpaid child support, as of December 6, 1991, the trial court had no jurisdiction to modify its December 6, 1991 installment judgment seven years later. The trial court lost its plenary power sometime in early 1992, and the court's attempt to modify the December 6, 1991 installment judgment after plenary power expired would be void. *See Lundy [v. Lundy ]*, 973 S.W.2d [687,] at 688 [ (Tex.App.—Tyler 1998, pet. denied) ]; *Ex parte Balazik*, 631 S.W.2d [198,] at 200 [ (Tex.App.—Fort Worth 1982, no writ) ].

*Id.* at 874.

Neither the AG nor Peggy Ann Lee took any action to modify or appeal the 1987 judgment. The AG cites *Williams v. Patton*, 821 S.W.2d 141, 143 (Tex.1991) for the proposition that the trial court could not "forgive, reduce or modify child support arrears." [2] With this statement of the law we have no disagreement. However, the trial court cannot modify a judgment that has long since become final to add an obligation that was not originally included therein. *Moore*, 993 S.W.2d at 874.

The AG also cites a line of cases, including *Golden v. Murphy*, 611 S.W.2d 914, 916 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ), for the following proposition: "The interest which an award bears is a creature of statute and although it

may be specified by the terms of the judgment, it is authorized and recoverable under the statute even if the judgment makes no reference to its recovery." *Id.*[3] However, *Golden* and the other cases relied upon by the AG for this proposition, are cases in which the appellate court was modifying the judgment on direct appeal because the judgment made no mention of post-judgment interest. These were not cases such as this one, where the judgment creditor was seeking to modify a judgment years later by trying to collect interest that was not awarded as part of the judgment.

## CONCLUSION

We agree with the Fort Worth Court of Appeals that if the judgment did not award payment of post-judgment interest at the time that it was signed, the judgment creditor may not enforce collection of post-judgment interest long after the judgment became final.

The 1987 judgment did not require the payment of post-judgment interest. Further, the undisputed evidence established that Lee has paid more in child support than the amount of the 1987 judgment and the subsequently accruing child support obligation. Accordingly, we hold that the trial court did not err in granting judgment that the Attorney General and Peggy Ann Lee take nothing from Danny Lee and permanently enjoining the Attorney General from seeking an administrative writ of withholding.

---

2.  Appellant's brief at page 15.

3.  Appellant's brief at page 13.