NUMBER
13-04-598-CV

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS CHRISTI B EDINBURG

 

LORENZO GOMEZ, AS THE EXECUTOR AND

REPRESENTATIVE OF THE ESTATE OF AGAPITO

GOMEZ                                                                                            Appellants,

                                                             v.

TEXAS WINDSTORM INSURANCE ASSOCIATION,                Appellee.

 

 

                     On appeal from the 28th District
Court

                                        of
Nueces County, Texas.

 

 

 

                                         MEMORANDUM
OPINION

 

     Before Chief Justice
Valdez and Justices Castillo and Garza

 

      Opinion by Chief
Justice Valdez

 








Appellant, Lorenzo Gomez, appeals the judgment of
the trial court dismissing his claims against appellee, Texas Windstorm
Insurance Association (ATWIA@).  Lorenzo
specifically appeals on three grounds: (1) the trial court erred by determining
that Lorenzo was not authorized to bring suit against TWIA on behalf of his
deceased father; (2) the trial court does not lose jurisdiction because of a
misnomer of the plaintiff; and (3) an insured=s
rights under the insurance policy and state law survive the death of the named
insured.  We conclude that Lorenzo Gomez,
as executor of his father=s estate, successfully cured the defect in capacity
before the motion to dismiss was heard, and therefore, we hold that the trial
court erred by dismissing the case for lack of capacity.  

Motion to Dismiss

The underlying suit involves a disputed insurance
claim on a policy held by Agapito Gomez, now deceased.  The petition in the suit was originally
styled as AAgapito Gomez v. TWIA@ though
the plaintiff later filed an amended petition styled ALorenzo Gomez, as Executor and Representative of the
Estate of Agapito Gomez.@

TWIA filed a motion to dismiss the case, alleging
that Agapito Gomez did not have capacity to bring this suit because he was
deceased.  The trial court granted the
motion, specifically on the grounds of the plaintiff=s lack of capacity, and entered an order of
dismissal.  Lorenzo now appeals this
order, claiming that he had capacity to sue on behalf of his deceased father=s estate.  We
review an order on a motion to dismiss de novo. 
See Anderson v. City of San Antonio, 120 S.W.3d 5, 7 (Tex. App.BSan Antonio 2003, pet. denied).[1]








A motion to dismiss for lack of jurisdiction
involves at least two elements: standing and capacity.  A plaintiff must have both standing and capacity
to bring a lawsuit.  Coastal Liquids
Transp., L.P. v. Harris County Appraisal Dist., 46 S.W.3d 880, 884 (Tex.
2001).  A plaintiff has standing when he
is personally aggrieved, regardless of whether he is acting with legal
authority; a party has capacity when it has the legal authority to act,
regardless of whether it has a justiciable interest in the controversy.  Nootsie, Ltd. v. Williamson County
Appraisal Dist., 925 S.W.2d 659, 661 (Tex. 1996).  

In this case, the cause of action was raised on
behalf of Agapito Gomez, now deceased. 
Because a decedent's survival claim becomes part of his estate at death,
it follows that the estate retains a justiciable interest in the survival
action.  Austin Nursing Ctr., Inc. v.
Lovato, 171 S.W.3d 845, 850 (Tex. 2005). 
In a survival action, the decedent's estate has a justiciable interest
in the controversy sufficient to confer standing.  See id.  Thus, the estate of Agapito Gomez has
standing; the remaining question to be resolved is that of capacity, the ground
upon which the trial court granted TWIA=s motion to dismiss. 

Capacity








When a person is appointed administrator of an
estate, he or she acquires the capacity to assert a survival claim on the
estate's behalf.  See Lorentz v. Dunn,
171 S.W.3d 854, 856 (Tex. 2005); see also Frazier v. Wynn, 472 S.W.2d
750, 752 (Tex. 1971) ("The personal representative . . . is ordinarily the
only person entitled to sue for the recovery of property belonging to the
estate.").  If a defendant
challenges the capacity of an administrator, the burden is on the defendant to
make this challenge via a verified plea, and the trial court should abate the
case and give the plaintiff a reasonable amount of time to cure any
defect.  See Lovato, 171 S.W.3d at
853 n.7 (citing Tex. R. Civ. P. 93(1)‑(2);
Coakley v. Reising, 436 S.W.2d 315, 317 (Tex. 1968); Shiffers v.
Estate of Ward, 762 S.W.2d 753, 755 (Tex. App.BFort Worth 1988, writ denied)).

So long as the purpose and the nature of the claim
asserted are clear from the outset, the substitution of a personal
representative for a party without capacity does not introduce a new or
different cause of action and the substitution should satisfy the relation-back
doctrine.  See id. at 852-53; see
also Lorentz, 171 S.W.3d at 856.  If
capacity is challenged, the plaintiff must overcome the challenge within a
reasonable time.  Lovato, 171
S.W.3d at 853. 

In Lovato, the supreme court was faced with a
survival action filed by the decedent=s heir who had not been named administrator of the
estate.  See id. at 846.  During the pendency of the suit, however, the
heir was named administrator; she then filed a post-limitations petition on
behalf of the estate alleging the same causes of action as originally asserted
but this time naming herself as administrator. 
See id. at 847.  The
supreme court held that, although the heir may have lacked capacity to bring
the survival action at the time the lawsuit was filed, any defect in her
capacity was later cured by her appointment as the estate=s administrator, and her post-limitations petition
related back to the original petition.  See
id. at 846.  As the court
stated:  AThe
estate commenced the suit before limitations expired; [the administrator] cured
the defect in her capacity before the case was dismissed.  Under those circumstances, the estate had
standing and was ultimately represented by a person with capacity to pursue the
claim on its behalf.@  Id. at
853.








Thus, defects in capacity are clearly curable.  Various courts have gone even further, noting
that even when a defect in capacity is not cured before a verdict is reached, a
judgment involving the estate is nonetheless valid so long as the personal
representative of the estate is served and participates fully in the suit.  See Embrey v. Royal Ins. Co.,
22 S.W.3d 414, 415 n.2 (Tex. 2000) (citing Bernstein v. Portland Sav. &
Loan Ass'n, 850 S.W.2d 694, 699 (Tex. AppBCorpus
Christi 1993, writ denied)); see also Price v. Estate of Anderson, 522
S.W.2d 690, 691 (Tex. 1975); In re Fairfield Fin. Group, Inc., 29 S.W.3d
911, 914-15 (Tex. App.BBeaumont 2000, orig. proceeding).   

Here, the estate of Agapito Gomez clearly filed the
first petition.  Although the heading
simply stated AAgapito Gomez@ as the plaintiff, the first amended petition
clearly stated at the outset that A[p]laintiff is deceased, having died in the course
of the adjustment of the claim. Plaintiff is represented by his Executor and
son, Lorenzo Gomez.@  It is
undisputed that the all interested parties knew from the start of the lawsuit
that Agapito had died before the suit was filed; thus, it was clear to all
involved that the estate of Agapito, not Agapito himself, was filing the suit.[2]   The involvement of Lorenzo on his father=s behalf was known to all parties, and Lorenzo
appeared throughout all aspects of the litigation B  including
initial filing of the insurance claim, retaining of an attorney, filing of the
petition, discovery, and mediation B  in place of
his father, thereby fully participating. 
See Embrey, 22 S.W.3d at 415 n.2.








 While neither
the estate of Agapito B nor Agapito himself B was a
proper party to file suit, TWIA correctly challenged the capacity of the
plaintiff by filing a verified plea pointing out the error.  Lorenzo then properly responded by amending
his petition to identify the plaintiff as ALorenzo Gomez, as the Executor and Representative of
the estate of Agapito Gomez.@  We conclude that
this action sufficed to cure the defect in the plaintiff=s capacity.[3]  See Lovato, 171 S.W.3d at 853.  As we do not consider this an example of
misnomer, we will not address Lorenzo=s second argument on appeal.  

As for Lorenzo=s third argument, that is, the rights of the insured
survive the insured=s death, we agree.  
The policy issued to Agapito provides that, upon the death of the named
insured, all rights and duties under the policy are transferred to the legal
representative of the insured.   The
state=s survival statute provides that a cause of action
for personal injuries suffered by a person who has died survives to and in
favor of the heirs, legal representatives, and estate of the injured
person.  Tex. Civ. Prac. & Rem. Code Ann. ' 71.021(b) (Vernon 1997).  Furthermore, Texas courts have frequently
allowed the estate=s representative to pursue survival claims on behalf
of the deceased insured party.  See
Lovato, 171 S.W.3d at 850 (AWe therefore hold that, in a survival action, the
decedent's estate has a justiciable interest in the controversy sufficient to
confer standing.@); see also Lorentz, 171 S.W.3d at 856;
Pratho v. Zapata, 157 S.W.3d 832, 839 (Tex. App.BFort Worth 2005, no pet.). 

Conclusion

The trial court erred in granting TWIA=s motion to dismiss for lack of jurisdiction on the
grounds of capacity.  We therefore
reverse and remand to the trial court for further proceedings.     








 

 

 

                                           

Rogelio Valdez,

Chief Justice

 

 

Dissenting
Memorandum Opinion by Justice Errlinda Castillo. 

 

Memorandum Opinion delivered and filed

this 23rd day of March, 2006.











[1] Lorenzo also filed a separate motion to determine appellate
jurisdiction.  We conclude, however, that
the order for dismissal was sufficient to serve as a final judgment subject to
appeal.  See Lehmann v. Har-Con Corp.,
39 S.W.3d 191, 195 (Tex. 2001).





[2] It may also be irrelevant that the
original petition did not refer to the estate of Agapito as the plaintiff, as
petitions filed in the name of deceased persons may also be later amended to
reflect the party with proper capacity.  See
Loffler v. Univ. of Tex. Syst., 610 S.W.2d 188, 189 (Tex. Civ. App.BHouston [1st Dist.] 1980, no writ)
(while an action may not be maintained by a nonexistent B i.e., deceased B plaintiff, a party with capacity
can be substituted for a nonexistent plaintiff). 





[3]The dissenting opinion disregards
this amended petition because there is no evidence in the record that this
amended pleading was filed with leave of court. 
However, the amended petition was filed within the time allowed by rule
63 of the Texas Rules of Civil Procedure (i.e., more than seven days before
trial and so as not to cause surprise to the opposite party), and, therefore,
leave of court would not be required.  See
Tex. R. Civ. P. 63.