**CALDWELL & HURST, A Partnership, Appellant,**

v.

**Louis MYERS a/k/a Lewis Myers, Independent Co-Executor of the Estate of Saora Myers, Deceased, Appellee.**

No. A14–85–688–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 12, 1986.

Rehearing Denied July 10, 1986.

Steve Underwood, Houston, for appellant.

James C. Mulder, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

ROBERTSON, Justice.

Louis Myers (appellee) contracted with Caldwell & Hurst (appellant) for legal services in the probating of the will of Saora Myers, in which appellee was named independent co-executor. The contract provided appellant would receive as a legal fee four percent of the gross estate for all ordinary probate work through the preparation and filing of the federal estate tax return and $100 per hour for any additional work.

Appellee paid $5000 to appellant who then made demand for an additional $12,-394.90. After appellee refused to pay, appellant instituted this action. Appellant's First Amended Original Petition contained counts in contract and quantum meruit and for attorney's fees for presentation and trial of the claim and on appeal.

The trial court held the contract was unconscionable and limited appellant's claim to $12,500 in quantum meruit (reduced by the $5000 already tendered). Attorney's fees were denied.

We affirm in part and reverse and remand in part.

Appellant raises 16 points of error in this limited appeal. In points of error 9–16, appellant attacks the trial court's finding of the unconscionability of the contract, the consequent denial of the balance of the claim under the contract, and the denial of the balance of the claim in quantum meruit.

These points require this court to review and weigh the evidence. There is no statement of facts before this court. On October 17, 1985, this court, sitting en banc, denied appellant's motion for rehearing of our denial of appellant's motion to extend time to file its statement of facts. *Caldwell & Hurst v. Myers*, 705 S.W.2d 703 (Tex.App.—Houston [14th Dist.] 1985, no writ). The motion was denied because appellant had not filed a written request with the court reporter for the preparation of statement of facts by August 1, 1985, the time by which the appeal was to be perfected. TEX.R.CIV.P. 377(a); *Intertex, Inc. v. Walton*, 683 S.W.2d 599 (Tex.App.—Houston [14th Dist.] 1985, no writ); *Banctexas Allen Parkway v. Allied American Bank*, 683 S.W.2d 600 (Tex.App.—Houston [14th Dist.] 1985, no writ).

Absent a statement of facts, we must presume the evidence supports the trial court's findings, conclusions, and judgment as to points requiring review of the evidence. *Martin Hedrick Company v. Gotcher*, 656 S.W.2d 509 (Tex.App.—Waco 1983, no writ). Points of error 9–16 are overruled.

█ We thus affirm the portion of the trial court's judgment based on its finding there was a gross disparity between the value received by appellee as compared to appellant's charges and its conclusion the contract was unconscionable. The judgment awarding $7500.00 to appellant is thus affirmed.

In points of error 1–8, appellant contends the trial court's denial of attorney's fees for presentation and trial of its claim and on appeal was error. Points of error 3, 4, 7, and 8 necessitate a review of the evidence and are, therefore, overruled. In points of error 1, 2, 5, and 6, appellant contends an award of attorney's fees is mandatory when there is recovery on a claim. TEX.REV.CIV.STAT.ANN. art 2226, recodified at Chapter 38, Texas Civil Practice and Remedies Code.

█ The award of reasonable attorney's fees to a plaintiff recovering on a valid claim founded on a written or oral contract preceded by proper presentment of the claim is mandatory. *Kimbrough v. Fox*, 631 S.W.2d 606 (Tex.App.—Fort Worth 1982, no writ); *Karol v. Presidio Enterprises, Inc.*, 622 S.W.2d 638 (Tex. App.—Austin 1981, no writ). Proper presentment is the assertion of a claim and a request for payment made 30 days before initiation of a suit. *Id.* The rule also applies when only a portion of the total claim is recovered. *Magids v. Dorman*, 430 S.W.2d 910 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.). Appellant's recovery on the theory of quantum meruit as opposed to contract does not disqualify the award of fees under article 2226. A party who recovers in quantum meruit is also entitled to recover attorney's fees. *Building Concepts, Inc. v. Duncan*, 667 S.W.2d 897 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.).

The award of attorney's fees is mandatory once proof is offered of reasonable fees. *Kimbrough v. Fox*, at 609. With no statement of facts, there is no evidence of proof of reasonable attorney's fees. The trial court, however, found appellant made demand on appellee for its claim December 29, 1983, clearly more than 30 days before filing its original petition February 24, 1984, as required by article 2226.

█ While a trial court has discretion in fixing the amount of attorney's fees, it does not have discretion in denying attorney's fees entirely under article 2226. *Karol v. Presidio Enterprises, Inc.*, at 640.

We hold that when, as here, the assertion of a claim and a request for payment is made in accordance with article 2226, it is

an abuse of discretion to deny attorney's fees entirely.

 We may reverse and remand a "clearly separable" portion of a cause if we can do so "without unfairness" to the parties. TEX.R.CIV.P. 434. We find no unfairness will be caused. We thus reverse the portion of the judgment denying attorney's fees and sever and remand this cause to the trial court for determination of reasonable attorney's fees. In all other respects, the judgment is affirmed.