Nancy T. BUDD and Kevin Budd, Appellants,

v.

Catherine GAY, Appellee.

No. C14–92–00651–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 14, 1993.

Douglas James Hord, Bellaire, for appellants.

Jay Elston, Raymond P. Albrecht, Houston, for appellee.

Before ROBERTSON, CANNON and BOWERS, JJ.

## OPINION

Appellants, Nancy and Kevin Budd, bring this appeal from a judgment in favor of appellee, Catherine Gay. Appellee sued appellants for breach of a residential earnest money contract. Trial was before the court, and both sides rested at the close of appellee's evidence. Appellants bring four points of error complaining that the trial court erred in admitting testimony regarding appellee's damages and attorney's fees; the kinds of damages awarded to appellee; and by allowing more than two counsel to appear for appellee during trial. Appellee brings two cross points complaining of the trial court's refusal to award attorney's fees. We affirm the judgment of the trial court in part and reverse and render in part.

Appellants, in their first, second and fourth points of error, complain of rulings the lower court made at trial. In their first point of error, appellants contend the trial court abused its discretion in allowing appellee to testify about damages because of an "unanswered" interrogatory dealing with damages. They also contend the trial court abused its discretion in allowing appellee's attorney to testify as to fees because he was not named as an expert witness in response to a specific interrogatory. Appellant's fourth point of error deals with alleged error on the part of the trial court in overruling an objection based on rule 9 of the Rules of Civil Procedure.[1]

◼ Appellants have failed to furnish this court with a statement of facts and have not provided a sufficient transcript to support their claims. The burden is on the appellant to see that a sufficient record is presented to show error requiring reversal. Tex.R.App.P. 50(d); *Christiansen v. Prezelski,* 782 S.W.2d 842, 843 (Tex.1990), per curiam. Appellants' first two points of error deal with answers to interrogatories and their effect on testimony at trial. However, the transcript before us does not include either the interrogatories propounded by appellants or the answers provided by appellee. More importantly, without a statement of facts, we cannot determine whether error was committed by the trial court, or if appellants properly preserved any error. Furthermore, we have nothing to support appellants' claim that appellee was represented at trial by more than two counsel. Having failed to provide us with a record sufficient to show error on the part of the trial court, we overrule appellants' first, second, and fourth points of error.

◼ Appellants, in their third point of error, complain of the types of damages awarded to appellee. Appellants argue that all damages awarded to appellee were either speculative, remote, unavailable because of appellee's failure to mitigate, or were not supported by the evidence. Appellants are essentially complaining the evi-

---

1. Rule 9 provides:
   Not more than two counsel on each side shall be heard on any question or on the trial, except in important cases, and upon special leave of the court. Tex.R.Civ.P. 9.

**524**

dence was factually or legally insufficient to support the award of damages. Appellants have the burden to show the judgment of the trial court is erroneous. *Christiansen*, 782 S.W.2d at 843. When the complaint is that the evidence is factually or legally insufficient to support vital findings of fact, this burden cannot be discharged in the absence of a complete or an agreed statement of facts. *Englander Co., Inc. v. Kennedy*, 428 S.W.2d 806, 807 (Tex.1968), per curiam. Additionally, appellants have failed to support their argument in point of error three with any authority. Merely making an unsupported allegation of error without supporting authority constitutes a waiver of appellate review. TEX.R.APP.P. 74(f); *Martin v. Cohen*, 804 S.W.2d 201, 202 (Tex.App.—Houston [14th Dist.] 1991, no writ). We overrule appellants third point of error.

Appellee, in two cross points, claims the trial court erred in not awarding attorney's fees. In its findings of fact, the trial court found the contract between the parties allowed for reasonable attorney's fees in the event of a breach by appellants; that appellee hired counsel to represent her in this matter; that appellee's counsel testified as to the facts surrounding his representation of appellee; and based on that testimony, a reasonable fee for those services would be $13,000. The trial court, on its own motion, took judicial knowledge of the usual and customary rates for attorney's services in Harris County and acknowledged that $13,000 would be an appropriate amount to award. In its conclusions of law, however, the trial court determined it could not award attorney's fees because appellee's counsel had only testified as to the facts of his representation and not as an expert witness.

Recovery of attorney's fees in this matter is governed by the Civil Practice and Remedies Code § 38.001 et seq. The trial court was correct in it refusal to consider the testimony of appellee's counsel as expert testimony. Failure to list a witness as an expert, in response to interrogatories, and the failure to supplement the response results in the exclusion of the testimony in the absence of good cause for its admission. TEX.R.CIV.P. 215(5); *Nelson v. Schanzer*, 788 S.W.2d 81, 88 (Tex.App.—Houston [14th Dist.] 1990, writ denied). However, the trial court properly considered counsel's testimony as to the facts of his representation and found it to establish a reasonable fee of $13,000. In the absence of expert testimony, a trial court can take judicial notice of usual and customary attorney's fees in a proceeding before the court without receiving further evidence. TEX.CIV.PRAC. & REM.CODE ANN. § 38.004 (Vernon 1986). It is presumed that usual and customary attorney's fees are reasonable, although the presumption may be rebutted. *Id.* at § 38.003. The award of reasonable attorney's fees is mandatory under § 38.001 if there is proof of the reasonableness of the fees. *See Caldwell & Hurst v. Myers*, 714 S.W.2d 63, 65 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.) (holding fees mandatory under predecessor statute of § 38.001). A court has the discretion to fix the amount of attorney's fees, but it does not have the discretion in denying attorney's fees if they are proper under § 38.001. *Id.*

The findings of fact reveal that appellee's counsel testified as to the facts and the circumstances of his representation of appellee, and that the court took judicial notice of the usual and customary fees in Harris County and determined a fee of $13,000 was appropriate. These fees are presumed reasonable and, so far as this record shows, appellants put on no evidence to contradict this presumption. An award of attorney's fees was appropriate because appellee's claim was one based on a written contract. TEX.CIV.PRAC. & REM. CODE ANN. § 38.001(8) (Vernon 1986). When an appropriate claim has been asserted, and it is in accordance with § 38.001, it is an abuse of discretion to deny attorney's fees entirely. *Caldwell & Hurst*, 714 S.W.2d at 65–6. We sustain both of appellee's cross points.

We find the trial court erred in denying appellee's recovery of attorney's fees. We reverse the part of the judgment denying recovery of attorney's fees and render

judgment in favor of appellee for the recovery of attorney's fees in the amount of $13,000. Having overruled all of appellants' points of error, we affirm the remainder of the judgment.