**Valton L. STRUVE, Appellant,**

v.

**PARK PLACE APARTMENTS, Appellee.**

No. 12–95–00053–CV.

Court of Appeals of Texas,
Tyler.

Sept. 29, 1995.

Rehearing Overruled June 28, 1996.

Valton L. Struve, pro se.

Terry L. Belt, Austin, for appellee.

HOLCOMB, Justice.

This is an appeal from a county court forcible detainer action. In his first four points of error, Valton Struve contends that the county court erred when it awarded Park Place Apartments possession of his apartment because Park Place's sworn pleadings were false. In his last point of error, Struve contends that the court erred when it awarded Park Place Apartments the sum of $1,235.00 for past-due rent. We will affirm.

Struve had a month-to-month lease with Park Place. On June 16, 1994, Park Place sent Struve a notice to vacate his apartment by July 31, 1994. In its notice, Park Place merely stated that it wanted to regain possession of its property. In spite of Park Place's notice to terminate the lease, Struve continued to hold-over. Although Struve continued to tender his rent payment each month, Park Place did not accept Struve's payments.

The transcript reflects that on October 14, 1994, Park Place sued Struve in the justice court to recover possession of the apartment. It alleged that Struve had failed to vacate the premises after receiving notice and that he had failed to pay rent. Struve defended the allegations, *pro se*, and alleged that he was not delinquent in his rental payments at the time that he received Park Place's notice to terminate. Struve argues that Park Place terminated his lease in retaliation for his complaints about the new washing machines that Park Place had installed in the laundry room, which caused him health problems.

The justice court entered judgment in favor of Park Place and awarded it possession of the premises and past-due rent in the amount of $1,235.00. Struve appealed the judgment to the county court for a trial *de novo*. In a non jury trial, the county court also entered judgment giving Park Place possession and ordered Struve to pay his landlord past-due rent in the amount of $1,235.00 plus $65.00 court costs. According to the findings of fact and conclusions of law filed by the court:

(1) Park Place had provided Struve with proper notice to terminate his tenancy on July 31, 1994;

(2) Struve did not vacate on July 31, 1994, and was still in possession on the date of the bench trial on December 13, 1994;

(3) Struve continued to remain in possession of the apartment from August 1, 1994, through the date of trial without paying rent at the rate of $264.00 per month; and

(4) Past-due rent for the months of August, September, October, November and 21 days in December totaled $1,235.00.

In his first four points of error, Struve contends in this *pro se* appeal that the court erred when it allowed Park Place to file a sworn forcible detainer action that was based on Struve's failure to pay his rent. As a result, Struve argues that his right to remain in possession of his apartment was wrongfully terminated in violation of Chapter 8 of the Fair Housing Ordinance for the City of Tyler. Struve urges this court to protect his basic rights, and to reverse the decision of the County Court. Other than generally referring us to the local, state and federal laws that protect a person from unfair denial of housing, Struve cites no case law or other authority for his position. However, we will address his point of error in the interest of justice. *See* TEX.R.APP.P. 74(f); *D/FW Commercial Roofing Co., Inc. v. Mehra*, 854 S.W.2d 182, 189 (Tex.App.—Dallas 1993, no writ); *Budd v. Gay*, 846 S.W.2d 521, 524 (Tex.App.—Houston [14th Dist.] 1993, no writ).

Section 24.002(a)(1) of the Property Code reads:

(a) A person who refuses to surrender possession of real property on demand commits a forcible detainer if the person:

(1) is a tenant or a subtenant willfully and without force holding over after the termination of the tenant's right of possession;

TEX.PROP.CODE ANN. § 24.002(a)(1) (Vernon Supp.1995).

■ In a forcible detainer action, the primary issue is the right to possession of the premises. *Hanks v. Lake Towne Apartments*, 812 S.W.2d 625, 626 (Tex.App.—Dallas 1991, writ denied). In creating a cause of action, the legislature intended to provide a "summary, speedy, simple and inexpensive remedy for determination of who is entitled to possession without resorting to action upon the title." *Home Savings Association v. Ramirez*, 600 S.W.2d 911, 913 (Tex.Civ. App.—Corpus Christi 1980, writ ref'd n.r.e.). To recover in an action for forcible detainer, the landlord must show a right to possession of the premises at the time that the action is

brought. *See Stewart v. Breese,* 367 S.W.2d 72, 74 (Tex.Civ.App.—Dallas 1963, writ dismissed).

 In a month-to-month lease, either party to the lease may terminate the lease for any reason upon one month's notice. *See Sellers v. Spiller,* 64 S.W.2d 1049, 1050–51 (Tex.Civ.App.—Austin 1933, no writ). In its notice to vacate, Park Place gave Struve approximately six weeks to leave the premises. After Park Place made demand for possession, Struve continued to hold-over. Although Struve tendered his rent to Park Place, Park Place wanted to regain possession of Struve's apartment and refused to accept Struve's payments. In its Sworn Complaint for Forcible Detainer, Park Place stated that it wanted to regain possession of the property because Struve had failed to vacate the apartment after he had received notice and that he had failed to make his rental payments. Although Struve argues that Park Place's allegations were false, the allegations were true on the date that the complaint was filed. Struve had not vacated the premises by July 31, 1994, and his rent was past-due for almost three months before the sworn complaint was filed. Having found no error, points one through four are overruled.

In his fifth point, Struve contends that the county court erred when it awarded Park Place Apartments the sum of $1,235.00 in past-due rent. At trial, the parties stipulated that Struve was not delinquent in his rental payments from the beginning of his lease until July 31, 1994. Struve continued to tender his rent payment each month, but Park Place did not accept them. Thus, Struve continued to remain in possession of his apartment from August 1 until December 21, 1994, the date that the county court gave Park Place possession of the premises. In addition to allowing Park Place to regain possession, the county court held that Park Place was entitled to be paid past-due rent from August 1 through December 21, 1994.

After reviewing the record, we hold that the evidence was sufficient to support the court's damage award of $1235.00 for past-due rent. Park Place was under no obligation to accept a rental payment from a hold-over tenant. *See Barragan v. Munoz,* 525 S.W.2d 559, 562 (Tex.Civ.App.—El Paso 1975, no writ). Had Park Place accepted the rental checks from Struve, it would have invalidated its own notice. *See G.C. Murphy Company v. Lack,* 404 S.W.2d 853, 859–860 (Tex.Civ.App.—Corpus Christi 1966, writ ref'd n.r.e.); *see also, Apperson v. Shofner,* 351 S.W.2d 367, 369 (Tex.Civ.App.—Waco 1961, no writ). Therefore, the court did not err when it awarded Park Place a judgment for past-due rent for the months of August, September, October, November and 21 days in December. Point five is overruled.

The judgment of the trial court is **affirmed.**