Reversed and Rendered in part and Reversed and Remanded in part and
Opinion filed March 17, 2005









 

Reversed and Rendered in part and Reversed and
Remanded in part and Opinion filed March 17, 2005.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00259-CV

____________

 

HASSELL
CONSTRUCTION COMPANY, INC., Appellant

 

V.

 

STATURE COMMERCIAL
COMPANY, INC.,
Appellee

 



 

On Appeal from the County
Civil Court At Law No. 3

Harris County, Texas

Trial Court Cause No. 790,127

 



 

O P I N I O N

Appellant Hassell Construction Company
appeals a take-nothing judgment following a bench trial against Stature
Commercial Company.  We reverse.

Background








In mid- to late 2000, Hassell Construction
Company subcontracted with Stature Commercial Company, Inc. (SCCI) to perform
certain construction work on the building of the Memorial Villages Police
Facility.  In 2003, the owner of the
project, Memorial Villages Police Department, became dissatisfied with SCCI’s
performance and discontinued its relationship with SCCI.  SCCI’s bonding company took over completion
of the project.  Hassell sued SCCI,
claiming SCCI owed it $40,300.11 for work performed and $22,121.00 in withheld
retainage.[1]  At trial, over Hassell’s objections, SCCI
introduced evidence that it had not been paid by the owner for work done by
Hassell.  According to SCCI, the contract
required that Hassell would not be due funds until SCCI had been paid by the
owner.  After a one-day bench trial, the
trial court issued findings of fact and conclusions of law, including the
following:

Findings
of Fact

* 
*  *

9.      Hassell
testified, and the subcontract provides,
that Hassell had agreed with [SCCI] that “payments shall be due Hassell for
work that had been approved by the Owner”. [SIC]

10.    Hassell
testified, and the subcontract provides,
that Hassell had agreed with [SCCI] that payments shall be due subcontractor
for work “for which payment has been made to [SCCI] by Owner”. [SIC]

11.    Hassell
testified, and the subcontract provides,
that Hassell had agreed with [SCCI] that payments shall be due within ten (10)
working days following receipt of payment from Owner by [SCCI].” [SIC]

* 
*  *

Conclusions
of Law

* 
*  *

4.      [SCCI]
has not received any monies from the Owner for the work Hassell performed and
seeks payment by its suit.

5.      Pursuant
to the terms of the subcontract,
Hassell is not entitled to any recovery from [SCCI] on its claims.

6.      Hassell shall take-nothing on its claims
from [SCCI].








Appellant raises
seven issues: whether the trial court properly applied Rule 54 of Texas
Rules of Civil Procedure; whether the trial court improperly based its findings
on evidence disallowed by Texas Rule of Civil Procedure 94; whether the trial
court properly applied Texas law regarding contracts, covenants, and conditions
precedent; whether sufficient evidence existed for the court’s findings of fact
numbers nine, ten, and eleven; whether the court improperly failed to award
appellant the retainage owed to it by appellee; and whether the court erred in
failing to make a finding of reasonable and necessary attorneys’ fees.  Finding insufficient evidence for the trial
court’s findings, we reverse.

Rule 94 and
Evidence Supporting an Affirmative Defense

We first address
appellant’s second issue challenging the trial court’s application of the
procedural requirement for specific pleading of certain defensive matters.  Under Rule 94 of the Texas Rules of Civil
Procedure, parties must plead affirmative defenses such as “payment, release, .
. . and any other matter constituting an avoidance or affirmative
defense.”  Tex. R. Civ. P. 94.  In
a contract dispute, Texas law makes certain requirements of each party,
including the specific pleading of excuses for nonperformance:

The burden of proving the happening of a contingency which, by the
terms of the contract, would discharge the party from liability, or any default
or refusal to perform on the part of the plaintiff that would excuse the
performance by the defendant, is on the party who seeks to avoid the contract or
excuse a failure to perform it on that ground. 
As a general rule there must be specific pleading of excuses for
nonperformance. 

Howell v. Kelly, 534 S.W.2d 737,
740 (Tex. Civ. App.—Houston [1st Dist.] 1976, no writ) (citations omitted). 








An affirmative
defense is defined as “a denial of the plaintiff’s right to judgment even if
the plaintiff establishes every allegation in its pleadings.”  Bracton Corp. v. Evans Constr. Co.,
784 S.W.2d 708, 710 (Tex. App.—Houston [14th Dist.] 1990, no writ).  An affirmative defense allows the defendant
to introduce evidence to establish an independent reason why the plaintiff
should not prevail; it does not rebut the factual proposition of the plaintiff’s
pleading.  Heggy v. Am. Trading Employee
Ret. Account Plan, 123 S.W.3d 770, 778 (Tex. App.—Houston [14th Dist.]
2003, pet. denied).  All affirmative
defenses are waived when the defendant files only a general denial, and, absent
trial by consent, failure to plead a matter of affirmative defense will
preclude a defendant from asserting it.  Bracton
Corp., 784 S.W.2d at 710.

In this case,
SCCI’s reliance on nonpayment from the owner as a basis for non-liability under
the contract is an affirmative defense under Texas Rule of Civil Procedure 94.  SCCI’s original answer contained only a
general denial and did not enumerate any specific affirmative defenses.  At trial, SCCI did not contest the fact that
it owed appellant for its completed work and for retainage; however, SCCI
argued that it was not legally required to pay appellant.  SCCI’s trial counsel’s opening remarks
included the following:

It is not a fact of [SCCI] not wanting to pay [appellant], but indeed
the subcontracted money was never paid to [SCCI] by the Owner.  And therefore, pursuant to the terms of the
contract on their face we have no legal obligation to pay this subcontractor
unless we are paid by the Owner of the property, and that’s specific in the
contract terms which we will go over. 
That’s why we’re not disputing how much the gentleman is owed, anything
like that.

During the trial, appellant’s counsel
properly objected when SCCI’s counsel attempted to introduce evidence of: 1)
the contract language delaying payment of the subcontractor until the
contractor had been paid; and 2) the fact that the contractor had not been paid
by the owner.  The trial judge overruled
both objections.  SCCI’s counsel did not
request a trial amendment of its original answer.  We therefore hold that the trial court erred
in admitting the evidence.  Appellant’s
second issue is sustained.

No Evidence

In his fourth
issue, appellant challenges the sufficiency of the evidence to support the
trial court’s findings of fact nine, ten, and eleven.  In his fifth issue, appellant argues that the
trial court erred in failing to award him his retainage.  As a result of our sustaining appellant’s
second issue above, we agree with both contentions.  








A trial court’s
findings of fact are reviewed for sufficiency of the evidence under the same
legal standards as are applied to the review of jury verdicts.  Ortiz v. Jones, 917 S.W.2d 770, 771
(Tex. 1996) (per curiam).  We utilize the
normal standards of review when considering a no-evidence challenge.  See Minyard Food Stores, Inc. v. Goodman,
80 S.W.3d 573, 577 (Tex. 2002).  A
no-evidence point will be sustained when there is a complete absence of
evidence of a vital fact; the court is barred by rules of law or of evidence
from giving weight to the only evidence offered to prove a vital fact; the
evidence offered to prove a vital fact is no more than a mere scintilla; or the
evidence conclusively establishes the opposite of the vital fact.  Volkswagen of Am., Inc. v. Ramirez, —
S.W.3d —, —, 2004 WL 3019227, *3 (Tex. 2004). 


Here, the Texas
Rules of Civil Procedure generally, and Rule 94 specifically, prevent us from
giving weight to the only evidence offered to prove a vital fact, that is,
SCCI’s affirmative defense that the contract did not allow for appellant to be
paid until SCCI had been paid by the owner. 
Thus, there is no evidence to support the trial court’s findings of fact
nine, ten, and eleven.  Without this
evidence, a careful review of the record shows that there is no evidence
controverting appellant’s prima facie case that SCCI owes appellant $40,300.11
for unpaid invoices and $22,121.00 for retainage.  Therefore, appellant established its
entitlement to the retainage as a matter of law.  See Dow Chem. Co. v. Francis, 46
S.W.3d 237, 241 (Tex. 2001) (per curiam). 
Accordingly, appellant’s fourth and fifth issues are sustained.  

Attorney’s Fees








In his sixth
issue, appellant argues that the trial court erred in failing to find the
amount of reasonable attorney’s fees for plaintiff’s counsel.  Section 38.001 of the Civil Practice and
Remedies Code allows for the recovery of reasonable attorney’s fees if the
claim is for, among other things, a written contract.  Tex.
Civ. Prac. & Rem. Code Ann. § 38.001(8) (Vernon 2003).  Under Texas law, the award of fees to a
plaintiff recovering on a valid contract claim is mandatory under Section
38.001 if there is proof of the reasonableness of attorney’s fees.  Budd v. Gay, 846 S.W.2d 521, 524 (Tex.
App.—Houston [14th Dist.] 1993, no writ); see also Caldwell & Hurst v.
Meyers, 714 S.W.2d 63, 65 (Tex. App.—Houston [14th Dist.] 1986, writ
ref’d n.r.e.).  While a trial court has
the discretion to set the amount of an attorney’s fees, it does not have
the discretion to deny the fees altogether if they are proper under Section
38.001.  Budd, 846 S.W.2d at
524.  It is presumed that usual and
customary attorney’s fees are reasonable; however, this presumption may be
rebutted.  Id.  

The cause of
action in this case was based on a written contract between appellant and
SCCI.  In its original petition,
appellant requested an award of reasonable attorney’s fees.  At trial, appellant’s counsel, Ron Ramey,
testified that, given his hourly rate, the amount of work he had performed, and
the amount of work he expected to perform subsequent to the trial, the amount
of his reasonable fees would be $5,758.50.[2]  Ramey introduced as an exhibit the bill for
his total legal services up to that point in the trial and also testified that
a reasonable amount for possible appeals to the court of appeals and the
supreme court would be $2,250 for each level of appeal.  SCCI’s counsel made no objection to Ramey’s
exhibit and it was admitted by the court. 
The only question on SCCI’s cross-examination of Ramey regarded the
speculative nature of the estimates for the amounts for appeals in the case;
appellee’s counsel did not question the reasonableness of Ramey’s fees, and he
did not introduce any rebuttal evidence.








In findings of
fact numbers twelve and thirteen, the trial court found the amount of
reasonable appellate attorney’s fees, but did not include an amount of fees
necessary for trial.  The amount found by
the trial court for appeals to the court of appeals and the supreme court
identically matched the amount estimated by Ramey at trial, that is, $2,250 for
each level of appeal.  In its conclusions
of law numbers six and seven, the trial court found that appellant was not
entitled to recovery from SCCI and that it should “take-nothing” on its
claims.  We find that the trial court was
required to find an amount for reasonable attorney’s fees.  Budd, 846 S.W.2d at 524.  Although the trial court did find appellate
attorney’s fees, we find that its failure to award fees for appellant’s
counsel’s trial work amounts to an improper denial under Section 38.001.  Id. 
Appellant’s sixth issue is sustained.

Having sustained
appellant’s issues two, four, five, and six, we reverse the judgment of the
court below.  Because of our disposition,
we need not discuss appellant’s first and third issues.  We reverse the judgment of the trial court,
render judgment in favor of appellant in the amount of $62,421.11, and remand
the case to the trial court for entry of a new judgment consistent with this
opinion, including a finding of the total amount of attorney’s fees to be
awarded to appellant and all such pre–and post-judgment interest as may be
required by law.

 

 

 

 

 

/s/      Adele Hedges

Chief
Justice

 

 

 

 

Judgment rendered and Opinion filed March 17, 2005.

Panel consists of Chief Justice Hedges and Justices Fowler
and Seymore.











[1]  Retainage is
money withheld by contractors from subcontractors’ payment on construction
projects.  The money is withheld as a
good-faith incentive for subcontractors to complete the job and is paid upon
completion of a project.  See www.burger.com/retnage.htm.





[2]  Ramey
testified that he had already performed $4,183.50 worth of work and estimated
that he would perform another $1,575.00 in the trial portion of the case.