NUMBER 13-10-00526-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

                                  CORPUS CHRISTI -
EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



MIGUEL REGALADO,                                                                            Appellant,

 

v.

 

NOEHMI B. GUERRA,                                                                             
Appellee.

 

 



On appeal from the 107th District
Court

of Cameron County, Texas.

 

 



  MEMORANDUM OPINION

 

Before Chief Justice Valdez and
Justices Rodriguez and Garza

Memorandum Opinion by Chief Justice
Valdez

 

            In this appeal, appellant, Miguel
Regalado, challenges the trial court’s order granting appellate attorney’s fees
to appellee, Noehmi B. Guerra.[1] 
By one issue, Regalado contends that the trial court erred by relying on a
judgment that did not award attorney’s fees to Guerra.  We affirm.

I.          Background

            On September 2, 1997, the trial court
awarded Guerra the sum of $13,836.15 by a default judgment.  In 2006, Guerra filed
an application for turnover relief requesting turnover of real property owned
by Regalado in satisfaction of the 1997 default judgment.  Regalado filed a
bill of review claiming that he had not been properly served with citation of
process before entry of the 1997 default judgment.  In response, Guerra filed a
motion for summary judgment, which the trial court granted.  On June 21, 2007,
the trial court granted turnover relief awarding Guerra real property in
satisfaction of the debt owed by Regalado pursuant to the 1997 judgment.  Regalado
appealed, complaining that he had not been properly served in the 1997 cause of
action, and therefore, the 2007 judgment was void.  In a memorandum opinion,
this Court concluded that Regalado was attempting an impermissible collateral
attack on the 1997 judgment and affirmed the 2007 judgment.  See Regalado v.
Guerra, No. 13-07-00526-CV, 2010 Tex. App. LEXIS 6425, at **9-10 (Tex.
App.–Corpus Christi Aug. 5, 2010, pet. denied) (mem. op.) (op. on reh’g).

            Guerra then filed a motion for
attorney’s fees and rents in the trial court requesting, among other things, appellate
attorney’s fees.  A hearing was held on Guerra’s motion for attorney’s fees and
rents on August 26, 2010.[2] 
On September 2, 2010, the trial court ordered Regalado to pay Guerra $17,000 in
attorney’s fees.  Regalado filed this appeal.  Subsequently, Regalado filed a
motion for rehearing in the trial court.  A hearing was held on that motion on
November 15, 2010.  It does not appear from the record that the trial court
ruled on Regalado’s motion for rehearing; therefore, it was overruled by
operation of law.  See Tex. R.
App. P. 329(c).

II.         Discussion

            An appellate court reviews a trial
court’s decision to award or not award attorney's fees under an abuse of
discretion standard of review.  Ridge Oil Co. v. Guinn Invs., Inc., 148
S.W.3d 143, 163 (Tex. 2004).  A trial court abuses its discretion when it acts in
an arbitrary and unreasonable manner, or when it acts without reference to any
guiding rules or principles.  Downer v. Aquamarine Operators, Inc., 701
S.W.2d 238, 241-42 (Tex. 1985).

In
applying the abuse of discretion standard, reviewing courts defer to the trial
court's factual determinations; a reviewing court does not engage in its own
factual review, but decides whether the record supports the trial court's
resolution of factual matters.  If the record supports the trial court's
evidentiary findings, the reviewing court is not at liberty to disturb them.  A
reviewing court instead determines only whether the trial court properly
applied the law to the facts in reaching its legal conclusion.

 

State v. $217,500 in U.S. Currency, 18
S.W.3d 631, 633-34 (Tex. 2000).  A trial court does not abuse its discretion
when it makes its decision on conflicting evidence and some evidence supports
its judgment.  Unifund CCR Partners v. Villa, 299 S.W.3d 92, 97 (Tex.
2009); Garcia-Udall v. Udall, 141 S.W.3d 323, 333 (Tex. App.–Dallas
2004, no pet.) (citing Davis v. Huey, 571 S.W.2d 859, 862 (Tex. 1978); Burns
v. Burns, 116 S.W.3d 916, 921 (Tex. App.–Dallas 2003, no pet.)).  In determining
whether the trial court abused its discretion, we must examine the entire
record.  Mercedes Benz Credit Corp. v. Rhyne, 925 S.W.2d 664, 666 (Tex.
1996).

            The burden of providing a record showing
error requiring reversal is on the appellant.  Appleton v. Appleton, 76
S.W.3d 78, 87 (Tex. App.–Houston [14th Dist.] 2002, no pet.) (citing Christiansen
v. Prezelski, 782 S.W.2d 842, 843 (Tex. 1990); Budd v. Gay, 846
S.W.2d 521, 523 (Tex. App.–Houston [14th Dist.] 1993, no writ) (holding that,
without a sufficient record, the reviewing court cannot determine whether the
trial court committed error or whether error was properly preserved)).  Here, the
record contains the reporter’s record from the hearing on appellant’s motion
for rehearing[3];
however, appellant has not ensured that the appellate record contains a
reporter’s record of the hearing conducted on Guerra’s motion for attorney’s
fees.[4] 
See Mercedes Benz Credit Corp., 925 S.W.2d at 666; Appleton, 76 S.W.3d
at 87.  Without the reporter’s record on Guerra’s hearing for attorney’s fees,
we cannot determine whether the trial court abused its discretion by awarding
attorney’s fees to Guerra.[5] 
See Appleton, 76 S.W.3d at 87; see also Wilms v. Americas Tire
Co., Inc., 190 S.W.3d 796, 803 (Tex. App.–Dallas 2006, pet. denied) (explaining
that the appellate court must presume that the evidence is sufficient to
support trial court’s decision when appellant fails to bring reporter’s
record).  Accordingly, we overrule Regalado’s sole issue.

III.        Conclusion

            We affirm the trial court’s order.

                                                                        

                                                                                                _____________________

Rogelio Valdez

                                                                                                Chief
Justice

 

Delivered and filed the


23rd day of June, 2011.

 

 

            









[1]
Regalado characterizes the trial court’s judgment as interlocutory; however,
based on the record before us it does not appear that there are any pending
issues before the trial court.  Lehmann v. Har-Con Corp., 39 S.W.3d 191,
195 (Tex. 2001) (“A judgment is final for purposes of appeal if it disposes of
all pending parties and claims in the record, except as necessary to carry out
the decree.”).  Moreover, if the order were interlocutory, we would have no
authority to review it and the cause would be dismissed for want of
jurisdiction.  Lehmann, 39 S.W.3d at 195 (providing that appellate
courts have jurisdiction over final judgments and interlocutory appeals
authorized by statute).





[2]
The record is incomplete, and the reporter’s record of the hearing on appellee’s
motion for attorney’s fees was not filed with this Court.





[3]
In his brief, Regalado cites only to portions of the hearing on his motion for
rehearing and portions of the hearing held in 2007 on Guerra’s motion for
turnover relief.  However, Regalado is not appealing the trial court’s decision
on his motion for rehearing.  Moreover, in order to determine whether the trial
court abused its discretion in granting Guerra’s motion for attorney’s fees, we
must review the record of that hearing.  See Mercedes Benz Credit Corp. v.
Rhyne, 925 S.W.2d 664, 666 (Tex. 1996).





[4]
We note that at the hearing on Regalado’s motion for rehearing, Guerra’s
attorney stated:

And on the record on June 1st and then again
on August 26th, [Regalado’s attorney] stipulated to the reasonable and
necessariness of [Guerra’s appellate attorney’s fees] that were incurred.  I
understand that they [Regalado’s attorney’s] weren’t promising to pay them at
that point, but they stipulated to the reasonable and necessariness of them.

See Budd v. Gay, 846 S.W.2d
521, 523 (Tex. App.–Houston [14th Dist.] 1993, no writ) (providing that a reviewing
court cannot determine whether the error was properly preserved without a
sufficient record).





[5]
At the hearing on Regalado’s motion for rehearing Regalado claimed that the
2007 judgment did not award appellate attorney’s fees to Guerra.  Guerra’s
attorney argued that the 1997 default judgment awarded appellate attorney’s
fees.  The 1997 default judgment has not been included in the record.