

# NUMBER 13-10-00526-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**MIGUEL REGALADO,**                                           **Appellant,**

## v.

**NOEHMI B. GUERRA,**                                           **Appellee.**

---

## On appeal from the 107th District Court
## of Cameron County, Texas.

---

## MEMORANDUM OPINION

## Before Chief Justice Valdez and Justices Rodriguez and Garza
## Memorandum Opinion by Chief Justice Valdez

In this appeal, appellant, Miguel Regalado, challenges the trial court's order granting appellate attorney's fees to appellee, Noehmi B. Guerra.[1]  By one issue,

---

[1] Regalado characterizes the trial court's judgment as interlocutory; however, based on the record before us it does not appear that there are any pending issues before the trial court. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) ("A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree.").  Moreover, if the order were interlocutory, we would have no authority to review it and the cause would be dismissed for want of jurisdiction. *Lehmann*, 39 S.W.3d at 195 (providing that appellate courts have jurisdiction over final judgments and interlocutory appeals authorized by statute).

Regalado contends that the trial court erred by relying on a judgment that did not award attorney's fees to Guerra. We affirm.

## I. BACKGROUND

On September 2, 1997, the trial court awarded Guerra the sum of $13,836.15 by a default judgment. In 2006, Guerra filed an application for turnover relief requesting turnover of real property owned by Regalado in satisfaction of the 1997 default judgment. Regalado filed a bill of review claiming that he had not been properly served with citation of process before entry of the 1997 default judgment. In response, Guerra filed a motion for summary judgment, which the trial court granted. On June 21, 2007, the trial court granted turnover relief awarding Guerra real property in satisfaction of the debt owed by Regalado pursuant to the 1997 judgment. Regalado appealed, complaining that he had not been properly served in the 1997 cause of action, and therefore, the 2007 judgment was void. In a memorandum opinion, this Court concluded that Regalado was attempting an impermissible collateral attack on the 1997 judgment and affirmed the 2007 judgment. *See Regalado v. Guerra*, No. 13-07-00526-CV, 2010 Tex. App. LEXIS 6425, at **9-10 (Tex. App.–Corpus Christi Aug. 5, 2010, pet. denied) (mem. op.) (op. on reh'g).

Guerra then filed a motion for attorney's fees and rents in the trial court requesting, among other things, appellate attorney's fees. A hearing was held on Guerra's motion for attorney's fees and rents on August 26, 2010.[2] On September 2, 2010, the trial court ordered Regalado to pay Guerra $17,000 in attorney's fees. Regalado filed this appeal. Subsequently, Regalado filed a motion for rehearing in the

---

[2] The record is incomplete, and the reporter's record of the hearing on appellee's motion for attorney's fees was not filed with this Court.

trial court. A hearing was held on that motion on November 15, 2010. It does not appear from the record that the trial court ruled on Regalado's motion for rehearing; therefore, it was overruled by operation of law. *See* TEX. R. APP. P. 329(c).

## II.    DISCUSSION

An appellate court reviews a trial court's decision to award or not award attorney's fees under an abuse of discretion standard of review. *Ridge Oil Co. v. Guinn Invs., Inc.*, 148 S.W.3d 143, 163 (Tex. 2004). A trial court abuses its discretion when it acts in an arbitrary and unreasonable manner, or when it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

> In applying the abuse of discretion standard, reviewing courts defer to the trial court's factual determinations; a reviewing court does not engage in its own factual review, but decides whether the record supports the trial court's resolution of factual matters. If the record supports the trial court's evidentiary findings, the reviewing court is not at liberty to disturb them. A reviewing court instead determines only whether the trial court properly applied the law to the facts in reaching its legal conclusion.

*State v. $217,500 in U.S. Currency*, 18 S.W.3d 631, 633-34 (Tex. 2000). A trial court does not abuse its discretion when it makes its decision on conflicting evidence and some evidence supports its judgment. *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009); *Garcia-Udall v. Udall*, 141 S.W.3d 323, 333 (Tex. App.–Dallas 2004, no pet.) (citing *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978); *Burns v. Burns*, 116 S.W.3d 916, 921 (Tex. App.–Dallas 2003, no pet.)). In determining whether the trial court abused its discretion, we must examine the entire record. *Mercedes Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996).

3

The burden of providing a record showing error requiring reversal is on the appellant. *Appleton v. Appleton*, 76 S.W.3d 78, 87 (Tex. App.–Houston [14th Dist.] 2002, no pet.) (citing *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990); *Budd v. Gay*, 846 S.W.2d 521, 523 (Tex. App.–Houston [14th Dist.] 1993, no writ) (holding that, without a sufficient record, the reviewing court cannot determine whether the trial court committed error or whether error was properly preserved)). Here, the record contains the reporter's record from the hearing on appellant's motion for rehearing[3]; however, appellant has not ensured that the appellate record contains a reporter's record of the hearing conducted on Guerra's motion for attorney's fees.[4] *See Mercedes Benz Credit Corp.*, 925 S.W.2d at 666; *Appleton*, 76 S.W.3d at 87. Without the reporter's record on Guerra's hearing for attorney's fees, we cannot determine whether the trial court abused its discretion by awarding attorney's fees to Guerra.[5] *See Appleton*, 76 S.W.3d at 87; *see also Wilms v. Americas Tire Co., Inc.*, 190 S.W.3d 796, 803 (Tex. App.–Dallas 2006, pet. denied) (explaining that the appellate court must

---

[3] In his brief, Regalado cites only to portions of the hearing on his motion for rehearing and portions of the hearing held in 2007 on Guerra's motion for turnover relief. However, Regalado is not appealing the trial court's decision on his motion for rehearing. Moreover, in order to determine whether the trial court abused its discretion in granting Guerra's motion for attorney's fees, we must review the record of that hearing. *See Mercedes Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996).

[4] We note that at the hearing on Regalado's motion for rehearing, Guerra's attorney stated:

And on the record on June 1st and then again on August 26th, [Regalado's attorney] stipulated to the reasonable and necessariness of [Guerra's appellate attorney's fees] that were incurred. I understand that they [Regalado's attorney's] weren't promising to pay them at that point, but they stipulated to the reasonable and necessariness of them.

*See Budd v. Gay*, 846 S.W.2d 521, 523 (Tex. App.–Houston [14th Dist.] 1993, no writ) (providing that a reviewing court cannot determine whether the error was properly preserved without a sufficient record).

[5] At the hearing on Regalado's motion for rehearing Regalado claimed that the 2007 judgment did not award appellate attorney's fees to Guerra. Guerra's attorney argued that the 1997 default judgment awarded appellate attorney's fees. The 1997 default judgment has not been included in the record.

4

presume that the evidence is sufficient to support trial court's decision when appellant fails to bring reporter's record). Accordingly, we overrule Regalado's sole issue.

### III. CONCLUSION

We affirm the trial court's order.

_____
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
23rd day of June, 2011.