**REVERSE and RENDER and Opinion Filed January 14, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-01377-CV

### JOSEPH KEMP AND KRR HH RETAIL, LLC, Appellants
### V.
### SUBRINA BRENHAM AND SUBRINA'S TAX SERVICES, Appellees

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-09551**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Richter[1], and Justice Rosenberg[2]
Opinion by Justice Richter

This appeal involves a commercial lease dispute. Following a bench trial, the county court entered judgment in favor of appellees Subrina Brenham and Subrina's Tax Services (collectively "Brenham") on their constructive eviction claim. In two issues, appellants Joseph Kemp and KRR HH Retail, LLC (collectively "Kemp") contend no evidence supports (1) the constructive eviction claim and (2) the damages award. Because we conclude no evidence supports at least one element of Brenham's constructive eviction claim and thus resolve the first issue in Kemp's favor, we reverse and render judgment that Brenham take nothing.

---

[1] The Hon. Martin Richter, Justice of the Court of Appeals for the Fifth District of Texas at Dallas, Retired, sitting by assignment.

[2] The Hon. Barbara Rosenberg, former Justice of the Court of Appeals for the Fifth District of Texas at Dallas, sitting by assignment.

## FACTUAL AND PROCEDURAL BACKGROUND

Kemp purchased certain commercial property (the "Property") in which Brenham was a month-to-month tenant.[3] Brenham refused to vacate the Property after the expiration of a 30-day notice of non-renewal, so Kemp sued for eviction and prevailed. Brenham appealed to the county court where judgment was again rendered in Kemp's favor. While her appeal was pending, Brenham alleged Kemp interfered with her right of possession in numerous ways, thereby constructively evicting her. The county court issued a writ of possession on July 10, 2015, and on or about July 14, Brenham vacated the Property.

On August 8, 2016, Brenham sued Kemp for, among other things, constructive eviction. Following a bench trial and without issuing findings of fact or conclusions of law, the district court entered judgment in Brenham's favor and awarded $91,694 in damages. Kemp appeals the district court's judgment.

## DISCUSSION

Kemp's first issue challenges the legal sufficiency of the evidence supporting the constructive eviction claim. In two arguments, Kemp contends there is no evidence: (1) a valid landlord-tenant relationship existed at the time Brenham abandoned the Property, or (2) that Brenham abandoned the Property as a direct consequence and within a reasonable time of the triggering acts.

Evidence is legally insufficient if the record reveals (a) the complete absence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence establishes conclusively the opposite of the vital fact. *City of Keller*

---

[3] There is no evidence in the record of any written lease agreement between Brenham and the former landowner or between Brenham and Kemp. We thus assume, as the parties did in the court below, the existence of a month-to-month tenancy.

*v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005). When reviewing the evidence for legal sufficiency, we consider the evidence in the light most favorable to the challenged finding, crediting favorable evidence if a reasonable factfinder could, and disregarding contrary evidence unless a reasonable factfinder could not. *Id.* at 807.

To establish a claim for constructive eviction, a tenant must prove (1) the landlord intended the tenant no longer enjoy the premises, (2) the landlord's acts substantially interfered with the tenant's use and enjoyment of the premises, (3) the tenant was permanently deprived of use and enjoyment of the premises, and (4) the tenant abandoned the premises within a reasonable time. *Metroplex Glass Ctr., Inc. v. Vantage Properties, Inc.*, 646 S.W.2d 263, 265 (Tex. Civ. App.— Dallas 1983, writ ref'd n.r.e.). A constructive eviction claim also necessarily requires a valid landlord-tenant relationship. TEX. PROP. CODE § 93.001.

A landlord or a tenant may terminate a month-to-month tenancy for any reason after giving one month's notice to the other party. TEX. PROP. CODE § 91.001(a); *Struve v. Park Place Apartments*, 923 S.W.2d 50, 52 (Tex. App.—Tyler 1995, writ denied). If a tenant "'has been in lawful possession of the property and wrongfully remains as a holdover tenant after [its] interest has expired,'" the tenant becomes a tenant at sufferance. *Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 915 (Tex. 2013); (quoting BLACK'S LAW DICTIONARY 1605 (9th ed. 2009)). Because the tenant remains in possession without the landlord's consent, the tenant's possession is unlawful. *Id.* In considering Kemp's first argument that no valid landlord-tenant relationship existed at the time Brenham abandoned the Property, we also observe that a valid landlord-tenant relationship must exist at the time a constructive eviction claim arises. *Daftary v. Prestonwood Mkt. Square, Ltd.*, 404 S.W.3d 807, 815 (Tex. App.—Dallas 2013, pet. denied) ("the time when the landlord-tenant relationship is critical is when the landlord acts in a way to interfere with the tenant's enjoyment of the premises.").

–3–

Here, Brenham contends that while her appeal was pending in the county court, Kemp conducted activities that restricted and limited her ability to conduct business. Specifically, Brenham alleges Kemp placed dumpsters near her front doors, erected barricades in front of her entrances, removed her business signs, parked a big white truck in front of her businesses, posted a sign indicating the road to the Property was closed, constructed a chain link fence around the Property, and started demolishing the Property (the "triggering acts"). Kemp argues these triggering acts could not support Brenham's constructive eviction claim because, at the time they occurred, no valid landlord-tenant relationship existed.

In response, Brenham contends she was a holdover tenant and relies on *Daftary* for the proposition that holdover tenants can pursue constructive eviction claims. In *Daftary*, the landlord refused to address the holdover tenant's complaints, so it terminated the lease. *Id*. The tenant sued for constructive eviction, but the landlord argued that a valid landlord-tenant relationship no longer existed. *Id*. at 815. This Court rejected that argument, explaining that a holdover tenant is not foreclosed from pursuing a constructive eviction claim where the landlord treated the relationship as if the lease still governed. *Id*. Specifically, the *Daftary* landlord demanded and received monthly rent, and the lease contained a provision that any holdover tenancy was subject to "all conditions, provisions, and obligations of this lease insofar as the same are applicable to a month-to-month tenancy." *Id*.

The facts here are distinguishable. Unlike *Daftary* where the landlord's conduct demonstrated consent to the tenant's continued possession, here, Kemp's conduct failed to show consent to Brenham's continued possession. Kemp immediately gave Brenham a 30-day notice of non-renewal and, when she refused to vacate, he sued for eviction. Moreover, the record does not reflect Kemp demanded or received any monthly rent or acted in any manner that could have renewed Brenham's month-to-month tenancy. Because Brenham wrongfully remained in

–4–

possession of the Property without any lease or Kemp's consent, we conclude Brenham was a tenant at sufferance with no legally recognizable landlord-tenant relationship or any legal entitlement to remain in the Property. As such, Brenham was no more than a trespasser. *Coinmach Corp.*, 417 S.W.3d at 919 ("[U]nder the common law a tenant at sufferance has no legal title or right to possession, and is thus a 'trespasser' who possesses the property 'wrongfully.'"). Because no evidence supported the foundational requirement of Brenham's constructive eviction claim—a landlord-tenant relationship—she was not entitled to prevail.

But even if a valid landlord-tenant relationship existed, we also agree with Kemp that Brenham did not abandon the property as a direct consequence of the triggering acts.[4] "The party claiming constructive eviction . . . carries the burden to offer evidence that the premises was abandoned because of the complained-of condition." *Ferguson v. Mellon Bank, N.A.*, No. 05-92-02459-CV, 1994 WL 197078, at *2 (Tex. App.—Dallas May 16, 1994, writ denied); *Coleman v. Rotana, Inc.*, 778 S.W.2d 867, 872 (Tex. App.—Dallas 1989, writ denied) ("In addition, it was appellants' burden to offer evidence that the premises were abandoned *because of* inadequate parking, the intentional act of the landlord upon which they rely.") (emphasis original); *Tempo Tamers, Inc. v. Crow-Houston Four, Ltd.*, 715 S.W.2d 658, 663 (Tex. App.—Dallas 1986, writ ref'd n.r.e.) ("As an element of constructive eviction, it was incumbent upon Tempo to prove that Crow's interference with its sign *caused* it to abandon the shopping center and close the nightclub.") (emphasis added).

Here, the county court issued the writ of possession on July 10, and Brenham vacated the Property on or about July 14. Brenham did not testify at trial that she abandoned the Property as a

---

[4] Based on our conclusion that Brenham did not abandon because of the triggering acts, we need not address whether she abandoned the Property within a reasonable time of those acts.

direct consequence of the triggering acts; however, she testified she vacated after the writ of possession issued:

> [Counsel]: And finally a writ of possession was issued, and you moved out of the premises?
> [Brenham]: Yes.

Moreover, although Brenham argues (1) Kemp gave her the notice of non-renewal at the worst time because it was the "peak of tax season"; (2) she "didn't have time to look for the proper place"; and (3) her ability to relocate was "hampered and delayed" by the triggering acts, she raises these arguments only with respect to whether her abandonment occurred within a reasonable time. Brenham, however, makes no arguments as to causation.

Viewing the evidence under the appropriate standard, we conclude there is no evidence Brenham abandoned the Property as a direct consequence of the triggering acts. Instead, the record establishes the opposite: that Brenham vacated only after being lawfully evicted. *See Houston v. DTN Oper. Co. LLC*, No. 4:17-CV-00035, 2017 WL 4653246, at \*9 (E.D. Tex. Sept. 17, 2017) ("However, notice of eviction followed by vacating the premises does not qualify as abandonment for a claim of constructive eviction . . . Nothing in the pleadings suggest that Plaintiff abandoned the property, but to the contrary, Plaintiff was evicted in accordance with Texas law."). Accordingly, we sustain Kemp's first issue that no evidence supports Brenham's constructive eviction claim. Because we sustain Kemp's first issue, we need not address the damages award.

### CONCLUSION

We conclude that at the time the triggering acts occurred, no landlord-tenant relationship existed between Brenham and Kemp. Moreover, even if the evidence showed a valid landlord-tenant relationship, we also conclude no evidence demonstrated that Brenham abandoned the Property as a direct consequence of the triggering acts. We therefore reverse the trial court's judgment awarding Brenham $91,694.00 in damages and render a judgment that Brenham take

–6–

nothing on her constructive eviction claim.

                                    /Martin Richter//
                                    MARTIN RICHTER
                                    JUSTICE, ASSIGNED


181377f.p05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOSEPH KEMP AND KRR HH RETAIL, LLC, Appellants

No. 05-18-01377-CV     V.

SUBRINA BRENHAM AND SUBRINA'S TAX SERVICES, Appellees

On Appeal from the 44th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-16-09551.
Opinion delivered by Justice Richter. Chief Justice Burns and Justice Rosenberg participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and judgment is **RENDERED** that appellees SUBRINA BRENHAM AND SUBRINA'S TAX SERVICES take nothing on their constructive eviction claim.

It is **ORDERED** that appellants JOSEPH KEMP AND KRR HH RETAIL, LLC recover their costs of this appeal from appellees SUBRINA BRENHAM AND SUBRINA'S TAX SERVICES.

Judgment entered this 14th day of January, 2020.